FILED BY FAX

FILED

2008 AUG -7 PM 4: 14

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1   Megan L. Wagner, Esq. (California Bar No. 130752)
2   megan@kohutlaw.com
    Sarah K. Kohut, Esq. (California Bar No. 197655)
3   sarah@kohutlaw.com
    KOHUT & KOHUT LLP
4   600 Anton Blvd., Suite 1075
5   Costa Mesa, California 92626
    Telephone: (714) 384-4130; Facsimile: (714) 384-4131
6
7   Christopher Paolini, Esq. (Florida Bar No. 669199)
    cpaolini@carltonfields.com
8   (admission pro hac vice pending)
    CARLTON FIELDS, P.A.
9   CNL Center at City Commons
10  450 S. Orange Avenue, Suite 500
    Orlando, Florida 32801-3336
11  Telephone: (407) 849-0300; Facsimile: (407) 648-9099
12
    Attorneys for Defendant
13  BONNIER CORPORATION
14
15              **UNITED STATES DISTRICT COURT**
16          **SOUTHERN DISTRICT OF CALIFORNIA**

08 CV 1436 JAH LSP

17  DAVID G. RICHARDS,                    )   Case No.:
18              Plaintiff,                )
                                          )   **NOTICE OF REMOVAL OF**
19          v.                            )   **ACTION UNDER 28 U.S.C. § 1331,**
                                          )   **15 U.S.C. § 1692k(d), 28 U.S.C. §**
20  NATIONAL CREDIT AUDIT                 )   **1367(a), AND 28 U.S.C. §§ 1441** *et seq.*
21  CORPORATION, an Illinois corporation; )
    BONNIER CORPORATION, a Florida        )
22  corporation; and DOES 1 through 50,   )
    inclusive,                            )
23                                        )
24              Defendants.               )
                                          )
25                                        )
                                          )
26                                        )
27
28
                              1

                  Notice of Removal of Action

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2         PLEASE TAKE NOTICE that defendant BONNIER CORPORATION ("Bonnier")[1]

3    hereby removes to this Court the state court action described below (the "State Court

4    Action") pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 28 U.S.C. §1367(a), and

5    28 U.S.C. § 1441 *et seq.*

## I. TIMELINESS

7         Where a case contains multiple defendants, a Notice of Removal to this Court is

8    timely when it is made within thirty days by the last defendant served with the pleading. *See*

9    *Lear v. Louisville Ladder, Inc.*, 2007 WL 2947430 *4 (S.D. Cal. Oct. 9, 2007) (holding "this

10   Court joins with those that have adopted the 'last-served' rule for filing notices of removal"

11   and finding no defect in a notice of removal filed by the last-served defendant in case).

12   Several other district courts in this state[2] have similarly adopted the last-served defendant

13   rule based on, *inter alia*, statutory interpretation of 28 U.S.C. § 1441, which governs

14   timeliness of removals, and principles of equity. *See e.g. Bonner v. Fuji Photo Film,* 461 F.

15   Supp. 2d 1112, 1117 (N.D. Cal. 2006) (adopting last-served rule and stating "the last-served

---

16

17   [1] Defendant, NATIONAL CREDIT AUDIT CORPORATION ("NCAC") consents to and joins in this Notice of Removal ("Removal") as evidenced by NCAC's Joinder in Notice of
18   Removal of Action, which is filed with this Court concurrently herewith and is also attached to this Removal as Exhibit B. Accordingly, all named defendants have properly joined in this
19   Removal. Defendants Bonnier and NCAC are collectively referred to herein as "Defendants."

20
     [2] While the Ninth Circuit has not ruled on this issue (*see United Computer Sys. v. AT&T
21   Corp.*, 298 F.3d 756, 763 n. 4 [9th Cir. 2002]), the majority of Circuit Courts have adopted
22   the last-served defendant rule. *See Bailey v. Janssen Pharm., Inc.*, 2008 WL 2894742 * 3
     (11th Cir. July 29, 2008) ( "the trend in recent case law favors the last-served defendant
23   rule"); *Marano Enter. of Kan. v. Z-Teca Rest., L.P.*, 254 F.3d 753, 755 (8th Cir. 2001)
24   (noting the United States Supreme Court opinion, *Murphy Bros., Inc. v. Michetti Pipe
     Stringing, Inc.,* 526 U.S. 344, 347-48, (1999), authorizes the last-served defendant rule
25   because a defendant has no obligation to participate in any removal procedure prior to its
     receipt of formal service of judicial process); and *Brierly v. Alusuisse Flexible Pack., Inc.*,
26   184 F.3d 527, 533 (6th Cir.1999) (which holds "as a matter of statutory construction, holding
27   that the time for removal commences for all purposes upon service of the first defendant
     would require us to insert 'first' before 'defendant' into the language of the statute. We are
28   naturally reluctant to read additional words into the statute, however").

2

---

Notice of Removal of Action

1   rule prevents opportunistic pleading by the plaintiff"); *Smith v. Mail Boxes, Etc. USA, Inc.*,

2   191 F. Supp. 2d 1155, 1161 (E.D. Cal. 2002) (adopting last-served defendant rule and

3   reasoning, among other things, it "discourages plaintiffs from manipulating service in order

4   to prevent an otherwise removable case from being litigated in federal court"); *Ford v. New*

5   *United Motors Manufacturing*, 857 F. Supp. 707, 709-711 (N.D. 1994) (adopting last-served

6   defendant rule and stating "Section 1446(b) provides each defendant in a multidefendant case

7   with thirty days within which to file a notice of removal").

8          On April 23, 2008, plaintiff David G. Richards ("plaintiff") commenced this action in

9   the Superior Court of the State of California in and for the County of San Diego, entitled

10  *David G. Richards, Plaintiff v. National Credit Audit Corporation, etc. et al., Defendants*,

11  Case No. 37-2008-00082557-CU-BT-CTL (the "State Court Action").  *See* attached Exhibit

12  A.  In his original Complaint, plaintiff named as defendants NCAC, Bonnier, and Does 1

13  through 50.

14         On July 11, 2008, defendant Bonnier was served with the Complaint and Summons

15  relating to the State Court Action.  *See* Exhibit A, p. 26.  On July 1, 2008, defendant NCAC

16  was served with the Complaint and Summons relating to the State Court Action.  *See* Exhibit

17  A, p. 25.  This Removal is timely under the provisions of 28 U.S.C. § 1446(b) as it is made

18  by the last-served defendant in this matter, Bonnier, within thirty days of Bonnier being

19  served with the initial pleading of allegations giving rise to federal question jurisdiction.  *See*

20  *Lear*, 2007 WL 2947430 *4; *see also Bailey*, 2008 WL 2894742 *3; *Marano*, 254 F.3d at

21  755; *Brierly*, 184 F.3d 527; *Bonner*, 461 F. Supp. 2d at 1117; *Smith*, 191 F. Supp. 2d at 1161;

22  *Ford*, 857 F. Supp. at 709-711.

23  ## II. PROCESS, PLEADINGS AND ORDERS

24         Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the records from the State

25  Court Action are attached hereto as Exhibit "A."  Bonnier will file a Notice of Removal to

26  Federal Court with the San Diego Superior Court and serve plaintiff with all removal papers.

27  Within thirty (30) days, Defendants will file any additional remaining records from the State

28  Court Action with this Court.

Notice of Removal of Action

### III. JURISDICTION

1
2     This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, 15
3     U.S.C. § 1692k(d), 28 U.S.C. § 1367(a) and 28 U.S.C. §§ 1441 *et seq.* as demonstrated
4     herein. Plaintiff's Complaint asserts claims against Defendants for alleged violations of the
5     Federal Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*
6     and related state law claims. This Court has original jurisdiction over plaintiff's claims
7     brought under the FDCPA pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This
8     Court has supplemental jurisdiction over the state law claims advanced by plaintiff pursuant
9     to 28 U.S.C. § 1367(a) in that plaintiff's state law claims necessarily involve the same case or
10    controversy under Article III of the United States Constitution and arise from a common
11    nucleus of operative fact.

12    **A.    Plaintiff's Federal FDCPA Claims Are Removable Under 28 U.S.C. §**
13    **1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1441(a)**

14    Original federal question jurisdiction exists in this matter arising from plaintiff's
15    federal FDCPA claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and this case is
16    removable to this Court pursuant to 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331,
17    "district courts shall have original jurisdiction of all civil actions arising under the
18    Constitution, laws, or treaties of the United States." Moreover, 15 U.S.C. § 1692k(d)
19    provides that "An action to enforce any liability created by [the FDCPA] may be brought in
20    any appropriate United States district court without regard to the amount in controversy...."
21    Additionally, 28 U.S.C. § 1441(a) provides "Except as otherwise expressly provided
22    by Act of Congress, any civil action brought in a State court of which the district courts of
23    the United States have original jurisdiction, may be removed by the defendant or the
24    defendants, to the district court of the United States for the district and division embracing
25    the place where such action is pending."
26    The gravamen of plaintiff's complaint is that NCAC improperly attempted to collect a
27    single debt from plaintiff on behalf Bonnier. Plaintiff's complaint asserts claims for relief
28    against both NCAC and Bonnier under federal law, specifically, the FDCPA. *See* Exhibit A,

4

1    Plaintiff's Complaint, Count I. This vests this Court with original jurisdiction over plaintiff's

2    federal claims. *See* 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Since this Court has

3    original jurisdiction over this claim, the claim is removable pursuant to 28 U.S.C. § 1441(a)[3].

4          **B.**    **Plaintiff's State Law Claims are Removable Under 28 U.S.C. § 1367**

5          Pursuant to 28 U.S.C. § 1367(a), "…district courts shall have supplemental

6    jurisdiction over all other claims that are so related to claims in the action within such

7    original jurisdiction that they form part of the same case or controversy under Article III of

8    the United States Constitution." A state law claim "is part of the same case or controversy

9    when it shares a 'common nucleus of operative fact' with the federal claims and the state and

10    federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969,

11    978 (9th Cir. 2004) (citations omitted). "In exercising its discretion to decline supplemental

12    jurisdiction, a district court must undertake a case-specific analysis to determine whether

13    declining supplemental jurisdiction 'comports with the underlying objective of most sensibly

14    accommodat[ing] the values of economy, convenience, fairness and comity.'" *Id.* (citing

15    *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557-58 (9th

16    Cir.1994) (alteration in original) (internal quotations and citations omitted).

17          In addition to his federal FDCPA claims, all of the other claims plaintiff asserts

18    against NCAC and Bonnier are so related to and arise from the same common nucleus of

19    operative fact that give rise to plaintiff's FDCPA claims that plaintiff's state law claims form

20    part of the same case or controversy under Article III of the United States Constitution.

21    Specifically, plaintiff asserts claims against NCAC and Bonnier for violation of California's

22    Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.*,

23    fraud, conspiracy to commit fraud, unfair business practices under California Business &

24    Professions Code section 17200 and intentional infliction of emotional distress. Plaintiff also

25    asserts a claim for negligent misrepresentation against NCAC.

26

27    ―――――――――――――――

28    [3] This claim in not a non-removable action as described under 28 U.S.C. § 1445.

Notice of Removal of Action

1    All of plaintiff's state law claims, however, solely arise from NCAC's attempt to
2  collect a single debt from plaintiff owed to Bonnier. As such, plaintiff's federal and state law
3  claims in this action would "normally be tried together." *See Lampert*, 356 F.3d at 978.
4  Further, the "underlying objective of most sensibly accommodat[ing] the values of economy,
5  convenience, fairness and comity" guide this court to exercise supplemental jurisdiction over
6  plaintiff's state law claims and none of the factors enumerated in 28 U.S.C. § 1367(c) are
7  present in this action to prevent this Court from exercising its supplemental jurisdiction.
8    Additionally, plaintiff's state law claims do not preclude this Court's federal
9  jurisdiction over this case. Even if only a single claim is removable, the Court may exercise
10  supplemental jurisdiction over any remaining claims under 28 U.S.C. § 1367. 28 U.S.C.
11  § 1441(c) (when one claim is removable, court may remove entire case); *Beneficial Nat'l*
12  *Bank v. Anderson*, 539 U.S. 1, 6 n.3 (2003). Accordingly, this Court has supplemental
13  jurisdiction over plaintiff's state law claims under 28 U.S.C. 1367.

### IV. VENUE

15  Venue is proper in the United States District Court for the Southern District of
16  California pursuant to 28 U.S.C. § 1446(a) because this Court encompasses San Diego
17  County, in which plaintiff filed his State Court Action.

### V. CONCLUSION

19  This case is removable on federal question grounds. Defendants are entitled to a
20  Federal forum for this action.

22  DATED: August 7, 2008                         KOHUT & KOHUT LLP


                                              By: _____
                                              Megan L. Wagner, Esq.
                                              Attorneys for Defendants

6

Notice of Removal of Action

# EXHIBIT A

EXHIBIT

1  David L. Speckman, Esq., SBN 178180
   **SPECKMAN & ASSOCIATES**
2  835 Fifth Avenue, Suite 301
   San Diego, CA 92101
3  Telephone: (619) 696-5151
   Facsimile: (619) 696-5196
4

5  Attorneys for Plaintiff David G. Richards

6

7

8

9

10

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

11  DAVID G. RICHARDS,

12          Plaintiff,

13  vs.

14

15  NATIONAL CREDIT AUDIT
    CORPORATION, an Illinois Corporation;
16  BONNIER CORPORATION, a Florida
    Corporation; and DOES 1 through 50,
17  inclusive,

18          Defendants.

19

20

21

**CASE NO:** 37-2008-00082557-CU-BT-CTL

**COMPLAINT FOR**

1.  Violation of the Federal Fair Debt Collection Practices Act;
2.  Violation of California Rosenthal Fair Debt Collection Practices Act;
3.  Fraud;
4.  Conspiracy to Commit Fraud;
5.  Negligent Misrepresentation;
6.  Unfair Business Practices–B&PC § 17200;
7.  Intentional Infliction of Emotional Distress

22      COMES NOW Plaintiff, DAVID G. RICHARDS (hereinafter "Plaintiff" or

23  "RICHARDS") alleging as follows:

24

25                      **PARTIES**

26      1.   Plaintiff DAVID G. RICHARDS is an individual residing in San Diego County,

27  California.

28

COMPLAINT FOR DAMAGES

Exhibit A
Page  7

2.      Defendant NATIONAL CREDIT AUDIT CORPORATION (hereinafter "NCAC") is an Illinois corporation doing business in San Diego, California.

3.      BONNIER CORPORATION (hereinafter "BONNIER") is a Florida corporation doing business in San Diego County, California.

4.      Venue is proper in the Court as the events and wrongful acts that gave rise to this action all occurred in this judicial district.

5.      Plaintiff is unaware of the true names and capacities, whether individuals, associations, partnerships, corporations, or otherwise, of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff alleges on information and belief that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged. Plaintiff will amend his complaint when the true names of such defendants are ascertained.

6.      Plaintiff is informed and believes, and based on that information and belief alleges, that each Defendant, including those named as DOES, is, and at all times mentioned herein was, the agent, servant and/or employee of each of the other Defendants and, in doing the things herein alleged, was acting within the course and scope of those relationships and with the full knowledge of each of the other named Defendants.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.      In or around January 2005 Plaintiff received as a gift a subscription to "Popular Science", a magazine published by BONNIER. Plaintiff allowed the subscription to expire and rejected all of the repeated subscription renewal offers BONNIER, the publisher of "Popular Science" magazine, sent to him.

8.      On or about January 1, 2007, Plaintiff received a letter from NCAC (hereinafter the "Notice") which alleged that NCAC was a collection agency attempting to collect a bonafide debt from Plaintiff on behalf of the publisher BONNIER.

COMPLAINT FOR DAMAGES
- 2 -

Exhibit A
Page 8

9.    The Notice indicated that Plaintiff had ordered "Popular Science" magazine, received various issues, and had never paid for those magazines despite having been sent several invoices from the publisher.

10.    The Notice stated that the publisher had "turned the account over" to NCAC for collection.  The Notice included a section informing Plaintiff that the letter was an attempt to collect a debt and that he had thirty days to dispute the debt before it would be considered valid.

11.    Plaintiff, an exceptionally conscientious manager of his family's financial affairs, and keenly aware of the effect of negative credit references, was immediately concerned that his credit score had already been and/or would be impacted by the failure to pay debts he owed.

12.    Plaintiff tried, in vain, to locate records indicating that he was in fact liable for any debt due to NCAC and/or BONNIER.  His records indicated the contrary--that Plaintiff did not in fact owe any debt to BONNIER or NCAC.

13.    Plaintiff called the phone number of NCAC listed on the debt collection Notice.  After navigating an automated directory system, Plaintiff was finally able to select an option indicating that he had never subscribed to the magazine.  The message then informed him that his account had been rectified, no amount was owing, and NCAC does not in fact report to credit agencies.

14.    Plaintiff never owed any debt to NCAC and/or BONNIER, nor had he received any magazines for which he had not paid; rather, the Notice was a creative, unscrupulous and deceptive attempt to fraudulently compel and induce Plaintiff to re-subscribe to a magazine.

15.    Plaintiff is informed and believes, and thereon alleges, that NCAC was acting at all times at the direction of and with the knowledge of BONNIER.

16.    Defendants' intentional, malicious and reckless actions caused Plaintiff embarrassment, mental anguish, emotional distress and other damages.

COMPLAINT FOR DAMAGES

- 3 -

Exhibit A
Page 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION
### (Violation Of The Federal Fair Debt Collections Practice Act–15 U.S.C. § 1692, et seq.)
### (Against NCAC and BONNIER)

17.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

18.    This action is brought under the Federal Fair Debt Collections Practices Act (15 United States Code § 1692, et seq.) (the "Federal Act"). This Court has jurisdiction over this action under 15 United States Code § 1692(k) of the Federal Act.

19.    Defendants are regularly engaged in the collection of consumer debts and both constitute debt collectors as defined by the Federal Fair Debt Collections Practice Act.

20.    Defendants violated the Federal Act in several ways, including, by way of example:

    a.    Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

    b.    Using false, deceptive and/or misleading representations or means to collect a debt in violation of 15 USC §§ 1692e, 1692(e)(10);

    c.    Failing to validate the debt allegedly owed by Plaintiff;

    d.    Impliedly threatening to take actions which are unlawful and/or not intended to be taken, in violation of 15 USC §1692e(5);

    e.    Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

    f.    Falsely and intentionally misrepresenting the character, amount or legal status of the debt in violation of 15 USC § 1692e(2)(A).

21.    As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial.

Exhibit A
Page 1c

## SECOND CAUSE OF ACTION
### (Violation of California Rosenthal Fair Debt Collection Practices Act–California Civil Code §§ 1788, et seq)
### (Against NCAC and BONNIER)

22.     Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

23.     This action is brought under the California Rosenthal Fair Debt Collections Practices Act (California Civil Code §§ 1788, et seq) ("State Act").  This Court has jurisdiction over this action under the State Act.

24.     Defendants are debt collectors regularly engaged in the practice of collecting consumer debts on behalf of themselves or others.

25.     Defendants violated the State Act in multiple ways including, by way of example:

    a.     Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

    b.     Using false, deceptive and/or misleading representations or means to collect a debt in violation of *Cal. Civ. Code § 1788.17*;

    c.     Failing to validate the debt allegedly owed by Plaintiff;

    d.     Impliedly threatening to take actions which are unlawful and/or no intended to be taken, in violation of *Cal. Civ. Code § 1788.17*;

    e.     Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

    f.     Falsely and intentionally misrepresenting the character, amount or legal status of a debt in violation of *Cal. Civ. Code § 1788.17*.

26.     As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial

Exhibit A
Page 11

**THIRD CAUSE OF ACTION**
**(Fraud)**
**(Against BONNIER and NCAC)**

27.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

28.    BONNIER and NCAC, and each of them, participated in a fraudulent scheme designed to compel Plaintiff to remit funds to NCAC.

29.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

a.    That Plaintiff had placed an order for a magazine with BONNIER;

b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

30.    Each material representation was in fact false and BONNIER and its agent NCAC knew at all relevant times that the representations were false. The true facts were that:

a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

c.    That Plaintiff did not owe any valid debt to BONNIER;

d.    That there was no valid debt for BONNIER to assign to NCAC;

COMPLAINT FOR DAMAGES
- 6 -

Exhibit A
Page 12

e.    That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

31.    BONNIER's agent NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

32.    Plaintiff did in fact reasonably and justifiably feel unease, anxiety, apprehension, disquiet and concern over the contents of the Notice which is the subject of this lawsuit.

33.    By reason of BONNIER and/or NCAC's wrongful and fraudulent conduct, Plaintiff has been injured and is entitled to recover all special and general damages caused thereby, subject to proof at trial.

34.    Defendants' acts were done fraudulently, willfully, maliciously, oppressively and in conscious disregard of Plaintiff's rights as defined under *California Civil Code § 3294*.  By reason thereof, Plaintiff is entitled to an award of punitive damages against Defendants in a sum to be determined at trial according to proof.

**FOURTH CAUSE OF ACTION**
**(Conspiracy to Commit Fraud)**
**(Against NCAC and BONNIER)**

35.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

36.    Defendants and each of them agreed amongst themselves to tortiously and fraudulently misrepresent to Plaintiff that he was indebted to Defendants as detailed above.  The fraudulent scheme was designed to coerce Plaintiff into remitting funds to Defendants, funds in which Defendants had no legal right and/or interest.

37.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

    a.    That Plaintiff had placed an order for a magazine with BONNIER;

    b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

    c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

    d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

    e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

38.    Each material representation was in fact false and BONNIER and NCAC knew at all relevant times that the representations were false.  The true facts were that:

    a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

    b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

    c.    That Plaintiff did not owe any valid debt to BONNIER;

    d.    That there was no valid debt for BONNIER to assign to NCAC;

    e.    That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

39.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

Exhibit A
Page 14

40. Plaintiff did in fact reasonably and justifiably feel unease, anxiety, apprehension, disquiet and concern over the contents of the Notice which is the subject of this lawsuit.

41. Each of the actions taken by NCAC was accepted and ratified by BONNIER, or was done with the express knowledge and consent of BONNIER.

42. Defendants, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

43. Plaintiff alleges on information and belief that Defendant BONNIER furthered the conspiracy by encouraging, ratifying and adopting the acts of NCAC in that BONNIER offered and agreed to compensate NCAC for any funds it fraudulently compelled Plaintiff to remit to NCAC.

44. Plaintiff is informed and believes, and thereon alleges, that the last overt act in furtherance of the above-alleged conspiracy occurred on or about December 21, 2007, on which date NCAC posted the Notice to Plaintiff.

45. As a proximate result of the wrongful acts herein alleged, Plaintiff has been injured and is entitled to recover all special and general damages caused thereby, subject to proof at trial.

46. In doing the things herein alleged, Defendants acted with malice, oppression, fraud and/or in conscious disregard of Plaintiff's rights as definded under *California Civil Code § 3294.* By reason thereof, Plaintiff is entitled to an award of punitive damages against Defendants in a sum to be determined at trial according to proof.

### FIFTH CAUSE OF ACTION
#### (Negligent Misrepresentation)
#### (Against NCAC)

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

COMPLAINT FOR DAMAGES

- 9 -

Exhibit A
Page 15

1    48.    BONNIER and NCAC, and each of them, participated in a fraudulent

2  scheme designed to compel Plaintiff to remit funds to NCAC.

3    49.    Specifically, NCAC, working as agent of, on behalf of, at the direction of

4  and for the benefit of BONNIER, falsely represented the following material facts to

5  Plaintiff:

6        a.    That Plaintiff had placed an order for a magazine with BONNIER;

7        b.    That Plaintiff had received magazines under the terms of a

8             subscription with BONNIER;

9        c.    That as a result of Plaintiff having disregarded invoices from

10            BONNIER he was indebted to BONNIER for a certain sum;

11        d.    That Plaintiff owed a valid debt to BONNIER which had been

12            assigned to NCAC for collection;

13        e.    That Plaintiff, as a result of being a debtor, had rights under the

14            Fair Debt Collection Practices Act;

15    50.    The representations made by NCAC were in fact false.  The true facts

16  were that:

17        a.    That Plaintiff never placed a subscription with BONNIER as alleged

18            in Notice;

19        b.    That Plaintiff never received magazines from BONNIER under a

20            subscription he placed with BONNIER;

21        c.    That Plaintiff did not owe any valid debt to BONNIER;

22        d.    That there was no valid debt for BONNIER to assign to NCAC;

23        e.    That Plaintiff was not a debtor entitled to the protection of the Fair

24            Debt Collection Practices Act;

25    51.    Defendants made these representations with no reasonable ground for

26  believing them to be true in that Defendants knew or through the exercise of reasonable

27  diligence should have known that at all relevant times the representations were false.

28

COMPLAINT FOR DAMAGES
- 10 -

Exhibit A
Page 16

52.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

53.    Plaintiff did in fact feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

54.    By reason of Defendants' fraud and wrongful conduct, Plaintiff if entitled to recover all special and general damages caused thereby, subject to proof at trial.

### SIXTH CAUSE OF ACTION
**(Unfair Business Practices: B&PC §17200)**
**(Against NCAC and BONNIER)**

55.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

56.    Plaintiff is informed and believes and thereon alleges that on or about December 21, 2007, in connection with their businesses as a debt collection agency and a magazine publisher, NCAC and BONNIER, respectively, engaged in unlawful, unfair and fraudulent business practices, consisting substantially of the following:

  a. Wrongfully claiming that Plaintiff had subscribed to Defendant BONNIER's magazine;

  b. Wrongfully claiming that Plaintiff had received magazines from Defendant BONNIER;

  c. Wrongfully claiming that Plaintiff had received several valid invoices from Defendant BONNIER;

  d. Wrongfully claiming that Plaintiff owed a valid debt to Defendant BONNIER;

e.   Wrongfully suggesting that Plaintiff owed a valid debt to BONNIER, which debt comprised an account which was turned over to NCAC for collection;

f.   Wrongfully implying that if Plaintiff did not remit money to Defendants his credit score would be negatively affected;

g.   Wrongfully implying that Plaintiff was entitled to rights afforded under federal law to protect bonafide debtors;

h.   Wrongfully implying that Plaintiff was entitled to rights afforded under California state law to protect bonafide debtors.

57.   Plaintiff is an interested person within the meaning of §17204 of the California Business and Professions Code, because he is a victim of defendants' unlawful and unfair business practices by reason of the facts alleged above.

58.   Defendants' wrongful conduct, as herein alleged, is a common practice that affect numerous California consumers.

59.   Unrestrained, defendant will continue to engage in unfair and unlawful business practices.

60.   Defendants NCAC and BONNIER should be ordered under §18203 of the California Business and Professions Code to make restitution to plaintiff of any and all money wrongfully obtained from plaintiff and those similarly situated, and reimburse Plaintiff for his attorney's fees incurred in prosecuting the case.

61.   Plaintiff is without an adequate remedy at law and will suffer irreparable damage if Defendants are not enjoined from pursuing this unlawful practice.

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against NCAC and BONNIER)**

62.   Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

COMPLAINT FOR DAMAGES
- 12 -

Exhibit A
Page 18

63.    On or about December 21, 2007, Defendant NCAC sent the Notice to Plaintiff, as hereinabove alleged, stating that Plaintiff had ordered a magazine from BONNIER; received those magazines; failed to pay the invoices for the magazines; and was then owing a valid debt to NCAC and BONNIER.

64.    The Notice implied that Plaintiff's credit score would be negatively affected if Plaintiff failed to remit funds to Defendants. This outrageous conduct was intended to profit by way of the commonly held concern over the importance of strong credit and the detriment which results from poor credit.  This conduct was beyond the reasonable bounds of decency.

65.    Defendants' outrageous and malicious conduct was done with the intention of causing, or with reckless disregard of the probability of causing, Plaintiff to suffer humiliation, mental anguish, physical distress and emotional distress.  Defendant BONNIER's conduct in confirming and ratifying that conduct was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

66.    As an actual and proximate result of the aforementioned acts, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to Plaintiff's damage.

67.    The aforementioned acts of Defendants were unprivileged, willful, wanton, malicious and oppressive, and thereby justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For economic damages according to proof;

2.    For compensatory damages according to proof;

3.    For general damages according to proof;

4.    For punitive damages on the third and fourth causes of action;

COMPLAINT FOR DAMAGES
- 13 -

Exhibit A
Page 19

5.   Restitution of illegally gained profits pursuant to Cal. Bus. & Prof. Code §17200 et seq.;

6.   For reasonable attorney's fees according to proof;

7.   Prejudgment interest according to proof;

8.   For costs of suit incurred; and

9.   For such other and further relief as the Court deems necessary and proper.

Dated: 2-25 , 2008                    SPECKMAN & ASSOCIATES

                                      By:
                                      DAVID L. SPECKMAN, ESQ.
                                      Attorney for Plaintiff DAVID G. RICHARDS

DATE: AUG 0 6 2008
Attest: A true copy,
Clerk of the Superior Court
By                          Deputy
     J. Kugbaum

COMPLAINT FOR DAMAGES
- 14 -

Exhibit A
Page 20

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR (Name): David G. Richards | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2008 APR 23 P 2: 20<br><br>CLERK-SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME: RICHARDS v. NATIONAL CREDIT AUDIT, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00082557-CU-BT-CTL |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify): Seven (See attachment)

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2-25-08

David L. Speckman, Esq. SBN 178180
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

Exhibit A
Page 21

| PETITIONER/PLAINTIFF: DAVID G. RICHARDS | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: NATIONAL CREDIT AUDIT, BONNIER CORPOR | |

### Attachment to Civil Case Cover Sheet re Causes of Action

1) Violation of Federal Fair Debt Collection Practices Act;
2) Violation of California Rosenthal Fair Debt Collection Practices Act;
3) Fraud;
4) Conspiracy to Commit Fraud;
5) Negligent Misrepresentation;
6) Unfair Business Practices-B&PC §17200; and
7) Intentional Infliction of Emotional Distress

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL CREDIT AUDIT CORPORATION, an Illinois
corporation; BONNIER CORPORATION, a Florida
corporation; and DOES 1 through 50, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID G. RICHARDS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2008-00082557-CU-BT-CTL |
|---|---|

SUPERIOR COURT OF THE STATE OF CALIFORNIA
330 WEST BROADWAY

SAN DIEGO, CA 92101
CENTRAL DIVISION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Speckman, Esq. SBN 178180        619-696-5151     619-696-5196
SPECKMAN & ASSOCIATES
835 Fifth Ave., Suite 301
San Diego, CA 92101

DATE:
*(Fecha)* 4-23-08          Clerk, by *Kathy Bailey*, Deputy
                           *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

**Exhibit A**
**Page 23**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state b.     nber, and address):*
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Ave.
Suite 301
San Diego, CA 92101
TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196
ATTORNEY FOR *(Name):* David G. Richards

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
[X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
[ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
[ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
[ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
[ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
[ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S) DAVID G. RICHARDS

DEFENDANT(S)/RESPONDENT(S) NATIONAL CREDIT AUDIT, BONNIER
CORPORATION

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**
(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;
Division IV rules 4.169 & 4.170)

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JUL 2 3 2008

By: M. SPIESSMAN, Deputy

JUL 23 '08 PM 3:47

[X] I/C JUDGE John S. Meyer

[ ] MASTER CALENDAR
DEPT 61

CASE NUMBER
37-2008-82557-CU

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180                                    certify that: *(CHECK ONE BOX)*

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) National Credit Audit Corporation and Bonnier Corporation were served. Waiting on original proofs of service to file with Certificate of Service. *(May list more than one defendant)*

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
*(ALL or list individual(s))*

3C5 [ ] Defendant was served on _____, and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____, but was unable to request entry of default.

Therefore, it is requested that the time be extended until August 6, 2008                for filing of a(n):

[X] CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ] ANSWER OR OTHER DEFENDANT APPEARANCE

[ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): Plaintiff served Defendant National Credit Audit Corporation on 7/1/2008 and has received the original proof of service (a true and correct copy of which is attached hereto) from the Process Server. Plaintiff served Defendant Bonnier Corporation on 7/11/2008. However, plaintiff has not received the original proof of service from the Process Server (a true and correct copy of which is attached hereto). Plaintiff respectfully requests an additional 2 week extension in and including August 6, 2008 to file the Certificates of Service with the *original* proofs of service for both defendants.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated: 7/22/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: AUG 1 5 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____
[ ] INSUFFICIENT REASON FOR DELAY OF CASE.
[ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: JUL 2 4 2008 _____

JUDGE OF THE SUPERIOR COURT JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

**CERTIFICATE OF:**
SDSC CIV-144(Rev. 4-04)    **PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**    SD-144

ORIGINAL

Exhibit A
Page 24

ClientCaseID:   TERRI        21283            CaseReturnDate:   7/1/08

JUL 23 '06 PM 3:47

Affidavit of  A PRIVATE INVESTIGATOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

Case Number 37200882557 CU

I, JOHN J PENNELL

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED AGENT OF THE ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY  ACT LICENSE NUMBER #117-000697

### CORPORATE SERVICE

THAT I SERVED THE WITHIN   DOCUMENTS AS LISTED HEREIN
ON THE WITHIN NAMED  DEFENDANT  NATIONAL CREDIT AUDIT CORPORATION
PERSON SERVED DEANNA DILLION, REG AGNT
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON 7/1/08

DOCUMENTS SERVED: SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, NOTICE OF CASE ASSIGNMENT AND STIPULATION TO USEOF ALTERNATIVE DISPUTE RESOLUTION PROCESS & NOTICE TO LITIGANTS/ADR PACKAGE.

That the sex, race and approximate age of the whom I left the   DOCUMENTS AS LISTED HEREIN
are as follow:

Sex  FEMALE Race  WHITE        Age  50      Height  506        Build  MEDIUM      Hair   BRN

LOCATION OF SERVICE   **801   ADLAI STEVENSON DRIVE**
**SPRINGFIELD, IL, 62703**

Date Of Service    7/1/08            Time of Service   12:59 PM

JOHN J PENNELL                    7/3/2008

**A PRIVATE INVESTIGATOR**
P.E.R.C. #129-205690

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

Exhibit A
Page  25

07/22/2008 TUE 14:18 [TX/RX NO 7919] ☑001

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CASE NUMBER 37-2008-82557-CU

JUL 23 '08 PM 3:47

DAVID G. RICHARDS,
          Plaintiff

v.

NATIONAL CREDIT AUDIT CORPORATION,
An Illinois corporation; BONNIER CORPORATION,
A Florida corporation; and DOES 1 through 50, inclusive

## AFFIDAVIT OF SERVICE

THE STATE OF FLORIDA:

Now comes Sid Lalande, a resident of Orange County, who states and deposes as follows:

1. Affiant is not a party to nor interested in the outcome of the above case and is over the age of 18 years.
2. Affiant received the attached **Summons with attached complaint** on July 2, 2008 to be served on Bonnier Corporation c/o Jeremy Thompson, Esq.
3. Affiant personally served same at **460 N. Orlando Ave., Ste. 200 in Winter Park, Florida** on **July 11, 2008** at **12:05 P.M.** by the following method:

**_X_ Other:** By delivering a true copy of this process, with any attachments provided, to Rene Robertson, Receptionist as designated to accept service on behalf of Bonnier Corporation c/o Jeremy Thompson, Esq.

Service on the receptionist was only made after 3 attempts at least 6 hours apart were made to serve Jeremy Thompson, Esq. individually.

Service Fee: $____

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

7.16.08
Date

Sid Lalande, "SPS" I.D. 1232
A.C.E.
102 NE 2nd St., PMB 147
Boca Raton, FL 33432
561-447-7639

The foregoing instrument was acknowledged before me this 16th day of July, 2008 by Sid Lalande who is personally known to me and who did not take an oath.

Notary Public

DAVID M. CHASE
MY COMMISSION # DD 495452
EXPIRES: October 27, 2009
Bonded Thru Notary Public Underwriters

Commission #:
Commission Expires:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | |

PLAINTIFF(S) / PETITIONER(S):    David G. Richards

DEFENDANT(S) / RESPONDENT(S):  National Credit Audit Corporation, An Illinois Corporation et.al.

RICHARDS VS. NATIONAL CREDIT AUDIT CORPORATION, AN ILLINOIS CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00082557-CU-BT-CTL |
|---|---|

Judge: *John Meyer*                           Department: *C-41*

**COMPLAINT/PETITION FILED: 04/26/2008**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Exhibit A
Page 27

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR (Name):  David G. Richards | FOR COURT USE ONLY<br><br>F I L    E D<br>Clerk of the Superior Court<br><br>JUN 2 3 2008<br><br>By: M. SPIESMAN, Deputy |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| PLAINTIFF(S)/PETITIONER(S)  DAVID G. RICHARDS | [X] I/C JUDGE  John S. Meyer |
|---|---|
| DEFENDANT(S)/RESPONDENT(S)  NATIONAL CREDIT AUDIT, BONNIER CORPORATION | [ ] MASTER CALENDAR<br>DEPT 61 |
| **CERTIFICATE OF:**<br>**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**<br>(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;<br>Division IV rules 4.169 & 4.170) | CASE NUMBER<br>37-2008-82557-CU |

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: *(CHECK ONE BOX)*

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) _____
(May list more than one defendant)

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
(ALL or list individual(s))

3C5 [ ] Defendant was served on _____ , and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____ , but was unable to request entry of default.

Therefore, it is requested that the time be extended until July 23, 2008 _____ for filing of a(n):

- [X] CERTIFICATE OF SERVICE (SDSC CIV-345)
- [ ] ANSWER OR OTHER DEFENDANT APPEARANCE
- [ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): *Difficulty locating address for service – address has now been located and complaint/summons sent out for service.*

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 6/23/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: JUL 2 3 2008

- [ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT
- [ ] INSUFFICIENT REASON FOR DELAY OF CASE.
- [ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: JUN 2 4 2008 _____

JUDGE OF THE SUPERIOR COURT  JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION:  After Court's decision, you must serve a copy of this certificate on all counsel concerned.

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**

SDSC CIV-144(Rev. 4-04)

SC-144

ORIGINAL

Exhibit A
Page 28

# EXHIBIT B

EXHIBIT

James W. Poindexter, Esq. (SBN 95966)
Poindexter & Doutre, Inc.
214 Grant Avenue, Suite 400
San Francisco, California 94108
Telephone: (415) 398-5811
Facsimile: (415) 398-5808

Attorneys for Defendant
National Credit Audit Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID G. RICHARDS, | ) | Case No. |
| Plaintiff, | ) ) | **JOINDER IN NOTICE OF REMOVAL** |
| v. | ) ) | **OF ACTION** |
| NATIONAL CREDIT AUDIT CORPORATION, an Illinois Corporation; BONNIER CORPORATION, a Florida Corporation; and DOES 1 through 10, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant National Credit Audit Corporation hereby joins in defendant Bonnier Corporation's Notice of Removal to this Court of the State Court Action described in the said Notice of Removal.

DATED: August 6, 2008

POINDEXTER & DOUTRE, INC.

By: _____
James W. Poindexter, Esq.
Attorneys for Defendant
National Credit Audit Corporation

1

Joinder in Notice of Removal of Action

Exhibit B
Page 29

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           )    ss.
COUNTY OF ORANGE           )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Anton Blvd., Suite 1075, Costa Mesa, California 92626.

On August 7, 2008, I caused the foregoing document to be served: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367(a), AND 28 U.S.C. §§ 1441 *et seq*.** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| **Attorney for Plaintiff David G. Richards** | **Attorney for Defendant National Credit Audit Corporation** |
| David L. Speckman, Esq. SBN 178180 | James W. Poindexter, Esq. SBN 95966 |
| SPECKMAN & ASSOCIATES | Poindexter & Doutre, Inc. |
| 835 Fifth Avenue, Suite 301 | 214 Grant Ave., Suite 400 |
| San Diego, CA 92101 | San Francisco, CA 94108 |
| Facsimile No.: (619) 696-5151 | Facsimile No.: (415) 398-5808 |

(XX)   **BY MAIL,** as follows:

    ( )   **STATE** – I am readily familiar with Kohut & Kohut LLP's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

    (XX)   **FEDERAL** – I deposited such envelope in the U.S. Mail at Costa Mesa, California with postage thereon fully prepaid.

( )   **BY PERSONAL SERVICE,** as follows: I caused a copy of such document to be served by hand to the addresses.

( )   **BY OVERNIGHT DELIVERY,** as follows: I caused such envelope to be delivered by overnight delivery service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight delivery service with delivery fees paid or provided for.

( )   **BY FACSIMILE,** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed above, by use of facsimile machine telephone number (714) 384-4131. No error was reported by the facsimile machine. A transmission record of the transmission was printed.

( )   **BY CERTIFIED MAIL,** as follows: I am "readily familiar" with Kohut & Kohut LLP's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service, such envelope will be deposited with the U.S. Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified U.S. Mail, Return Receipt Requested, on the above date according to Kohut & Kohut LLP's ordinary business practice.

( )   **STATE** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(XX)   **FEDERAL** – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 7, 2008,** at Costa Mesa, California.

                                 _Ayrika S. Fernandes_
                                 Ayrika S. Fernandes

FILED BY FAX

⚓JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

DAVID G. RICHARDS

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David L. Speckman, Esq. (SBN 178180)
835 Fifth Ave., Suite 301 San Diego, CA 92101; (619) 696-5151

**DEFENDANTS**

NATIONAL GRAND AUDIT CORPORATION and
BONNIER CORPORATION

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
See Attachment

FILED
'08 AUG -7 PM 4:14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

'08 CV 1436 JAH LSP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692K

Brief description of cause:
Violation of the Federal Fair Debt Collection Practices Act and related state law claims.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
08/07/2008

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # 153796   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAR 4/7/08

## ATTACHMENT TO CIVIL CASE COVER SHEET:
## ATTORNEYS OF RECORD FOR BONNIER CORPORATION

Megan L. Wagner, Esq. (California Bar No. 130752)
megan@kohutlaw.com
Sarah K. Kohut, Esq. (California Bar No. 197655)
sarah@kohutlaw.com
Kohut & Kohut, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626
Telephone: (714) 384-4130; Facsimile (714) 384-4131

Christopher Paolini, Esq. (Florida Bar No. 669199)
cpaolini@carltonfields.com
(admission pro hac vice pending)
CARLTON FIELDS, P.A.
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801-3336
Telephone: (407) 849-0300; Facsimile (407) 648-9099

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                          ) ss.
COUNTY OF ORANGE )

        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Anton Blvd., Suite 1075, Costa Mesa, California 92626.

        On August 7, 2008, I caused the foregoing document to be served: **CIVIL COVER SHEET** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as follows:

**Attorneys for Plaintiff David G. Richards**
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Facsimile No.: (619) 696-5151

**Attorney for Defendant National Credit Audit Corporation**
James W. Poindexter, Esq. SBN 95966
Poindexter & Doutre, Inc.
214 Grant Ave., Suite 400
San Francisco, CA 94108
Facsimile No.: (415) 398-5808

(XX)     **BY MAIL**, as follows:

     ( )     **STATE** – I am readily familiar with Kohut & Kohut LLP's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

     (XX)    **FEDERAL** – I deposited such envelope in the U.S. Mail at Costa Mesa, California with postage thereon fully prepaid.

( )     **BY PERSONAL SERVICE**, as follows: I caused a copy of such document to be served by hand to the addresses.

( )     **BY OVERNIGHT DELIVERY**, as follows: I caused such envelope to be delivered by overnight delivery service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight delivery service with delivery fees paid or provided for.

( )     **BY FACSIMILE**, as follows: I caused such documents to be transmitted to the telephone number of the addressee listed above, by use of facsimile machine telephone number (714) 384-4131. No error was reported by the facsimile machine. A transmission record of the transmission was printed.

( )     **BY CERTIFIED MAIL**, as follows: I am "readily familiar" with Kohut & Kohut LLP's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service, such envelope will be deposited with the U.S. Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified U.S. Mail, Return Receipt Requested, on the above date according to Kohut & Kohut LLP's ordinary business practice.

( )     **STATE** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(XX)    **FEDERAL** – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 7, 2008**, at Costa Mesa, California.

                                  _Ayrika S. Fernandes_
                                    Ayrika S. Fernandes

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 153796     — TC

## August 07, 2008
16:11:54

## Civ Fil Non-Pris
USAO #.: 08CV1436
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC33138

## Total—>   $350.00

FROM: DAVID G. RICHARDS
       VS
       NATIONAL CREDIT AUDIT CORP
       & BONNIER CORP