FILED BY FAX

FILED
2008 AUG -7  PM 4: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY___ '08 CV 1436 JAH LSP
DEPUTY

1   Megan L. Wagner, Esq. (California Bar No. 130752)
    megan@kohutlaw.com
2   Sarah K. Kohut, Esq. (California Bar No. 197655)
3   sarah@kohutlaw.com
    Kohut & Kohut LLP
4   600 Anton Blvd., Suite 1075
5   Costa Mesa, California  92626
    Telephone:  (714) 384-4130; Facsimile: (714) 384-4131
6
7   Christopher Paolini, Esq. (Florida Bar No. 669199)
    cpaolini@carltonfields.com
8   (admission pro hac vice pending)
    CARLTON FIELDS, P.A.
9   CNL Center at City Commons
10  450 S. Orange Avenue, Suite 500
    Orlando, Florida  32801-3336
11  Telephone: (407) 849-0300; Facsimile: (407) 648-9099
12
    Attorneys for Defendant
13  BONNIER CORPORATION

14

15                 UNITED STATES DISTRICT COURT

16              SOUTHERN DISTRICT OF CALIFORNIA

17  DAVID G. RICHARDS,                  )   Case No.
                                        )
18              Plaintiff,              )
                                        )   NOTICE OF STATE COURT
19       v.                             )   PLEADINGS
                                        )
20                                      )
    NATIONAL CREDIT AUDIT               )
21  CORPORATION, an Illinois Corporation; )
    BONNIER CORPORATION, a Florida      )
22  Corporation; and DOES 1 through 10, )
    inclusive,                          )
23                                      )
24              Defendants.             )
                                        )
25  _____ )

26

27

28

                                   1

                     Notice of State Court Pleadings

1       Attached as Exhibit "A" is a complete copy of the State Court pleadings from this

2  action, Superior Court Case no. 37-2008-00082557-CU-BT-CTL, obtained from the Superior

3  Court for the State of California, County of San Diego.

4

5  DATED:  August 7, 2008               KOHUT & KOHUT LLP

6

7

8                       By: _____

                            Megan L. Wagner, Esq.

9                         Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of State Court Pleadings

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                            )    ss.
COUNTY OF ORANGE      )

        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Anton Blvd., Suite 1075, Costa Mesa, California 92626.

        On August 7, 2008, I caused the foregoing document to be served: **NOTICE OF STATE COURT PLEADINGS** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as follows:

**Attorney for Plaintiff David G. Richards**
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Facsimile No.: (619) 696-5151

**Attorney for Defendant National Credit Audit Corporation**
James W. Poindexter, Esq. SBN 95966
Poindexter & Doutre, Inc.
214 Grant Ave., Suite 400
San Francisco, CA 94108
Facsimile No.: (415) 398-5808

(XX)     **BY MAIL**, as follows:

       ( )     **STATE** – I am readily familiar with Kohut & Kohut LLP's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

       (XX)     **FEDERAL** – I deposited such envelope in the U.S. Mail at Costa Mesa, California with postage thereon fully prepaid.

( )     **BY PERSONAL SERVICE**, as follows: I caused a copy of such document to be served by hand to the addresses.

( )     **BY OVERNIGHT DELIVERY**, as follows: I caused such envelope to be delivered by overnight delivery service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight delivery service with delivery fees paid or provided for.

( )     **BY FACSIMILE**, as follows: I caused such documents to be transmitted to the telephone number of the addressee listed above, by use of facsimile machine telephone number (714) 384-4131. No error was reported by the facsimile machine. A transmission record of the transmission was printed.

( )     **BY CERTIFIED MAIL**, as follows: I am "readily familiar" with Kohut & Kohut LLP's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service, such envelope will be deposited with the U.S. Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified U.S. Mail, Return Receipt Requested, on the above date according to Kohut & Kohut LLP's ordinary business practice.

( )     **STATE** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(XX)     **FEDERAL** – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 7, 2008, at Costa Mesa, California.

_____
Ayrika S. Fernandes

PROOF OF SERVICE

1



EXHIBIT
A



# EXHIBIT A

David L. Speckman, Esq., SBN 178180
**SPECKMAN & ASSOCIATES**
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Telephone: (619) 696-5151
Facsimile: (619) 696-5196

Attorneys for Plaintiff David G. Richards

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DAVID G. RICHARDS,<br><br>          Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT AUDIT CORPORATION, an Illinois Corporation; BONNIER CORPORATION, a Florida Corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | **CASE NO:** 37-2008-00082557-CU-BT-CTL<br><br>**COMPLAINT FOR**<br><br>1.   Violation of the Federal Fair Debt Collection Practices Act;<br>2.   Violation of California Rosenthal Fair Debt Collection Practices Act;<br>3.   Fraud;<br>4.   Conspiracy to Commit Fraud;<br>5.   Negligent Misrepresentation;<br>6.   Unfair Business Practices–B&PC § 17200;<br>7.   Intentional Infliction of Emotional Distress |

COMES NOW Plaintiff, DAVID G. RICHARDS (hereinafter "Plaintiff" or "RICHARDS") alleging as follows:

## PARTIES

1.    Plaintiff DAVID G. RICHARDS is an individual residing in San Diego County, California.

---

COMPLAINT FOR DAMAGES

2.    Defendant NATIONAL CREDIT AUDIT CORPORATION (hereinafter "NCAC") is an Illinois corporation doing business in San Diego, California.

3.    BONNIER CORPORATION (hereinafter "BONNIER") is a Florida corporation doing business in San Diego County, California.

4.    Venue is proper in the Court as the events and wrongful acts that gave rise to this action all occurred in this judicial district.

5.    Plaintiff is unaware of the true names and capacities, whether individuals, associations, partnerships, corporations, or otherwise, of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff alleges on information and belief that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.  Plaintiff will amend his complaint when the true names of such defendants are ascertained.

6.    Plaintiff is informed and believes, and based on that information and belief alleges, that each Defendant, including those named as DOES, is, and at all times mentioned herein was, the agent, servant and/or employee of each of the other Defendants and, in doing the things herein alleged, was acting within the course and scope of those relationships and with the full knowledge of each of the other named Defendants.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.    In or around January 2005 Plaintiff received as a gift a subscription to "Popular Science", a magazine published by BONNIER.  Plaintiff allowed the subscription to expire and rejected all of the repeated subscription renewal offers BONNIER, the publisher of "Popular Science" magazine, sent to him.

8.    On or about January 1, 2007, Plaintiff received a letter from NCAC (hereinafter the "Notice") which alleged that NCAC was a collection agency attempting to collect a bonafide debt from Plaintiff on behalf of the publisher BONNIER.

9.     The Notice indicated that Plaintiff had ordered "Popular Science" magazine, received various issues, and had never paid for those magazines despite having been sent several invoices from the publisher.

10.     The Notice stated that the publisher had "turned the account over" to NCAC for collection.  The Notice included a section informing Plaintiff that the letter was an attempt to collect a debt and that he had thirty days to dispute the debt before it would be considered valid.

11.     Plaintiff, an exceptionally conscientious manager of his family's financial affairs, and keenly aware of the effect of negative credit references, was immediately concerned that his credit score had already been and/or would be impacted by the failure to pay debts he owed.

12.     Plaintiff tried, in vain, to locate records indicating that he was in fact liable for any debt due to NCAC and/or BONNIER.  His records indicated the contrary–that Plaintiff did not in fact owe any debt to BONNIER or NCAC.

13.     Plaintiff called the phone number of NCAC listed on the debt collection Notice.  After navigating an automated directory system, Plaintiff was finally able to select an option indicating that he had never subscribed to the magazine.  The message then informed him that his account had been rectified, no amount was owing, and NCAC does not in fact report to credit agencies.

14.     Plaintiff never owed any debt to NCAC and/or BONNIER, nor had he received any magazines for which he had not paid; rather, the Notice was a creative, unscrupulous and deceptive attempt to fraudulently compel and induce Plaintiff to re-subscribe to a magazine.

15.     Plaintiff is informed and believes, and thereon alleges, that NCAC was acting at all times at the direction of and with the knowledge of BONNIER.

16.     Defendants' intentional, malicious and reckless actions caused Plaintiff embarrassment, mental anguish, emotional distress and other damages.

## FIRST CAUSE OF ACTION
**(Violation Of The Federal Fair Debt Collections Practice Act–15 U.S.C. § 1692, *et seq.*)**
**(Against NCAC and BONNIER)**

17.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

18.    This action is brought under the Federal Fair Debt Collections Practices Act (15 United States Code § 1692, *et seq.*) (the "Federal Act").  This Court has jurisdiction over this action under 15 United States Code § 1692(k) of the Federal Act.

19.    Defendants are regularly engaged in the collection of consumer debts and both constitute debt collectors as defined by the Federal Fair Debt Collections Practice Act.

20.    Defendants violated the Federal Act in several ways, including, by way of example:

    a.    Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

    b.    Using false, deceptive and/or misleading representations or means to collect a debt in violation of *15 USC §§ 1692e, 1692(e)(10)*;

    c.    Failing to validate the debt allegedly owed by Plaintiff;

    d.    Impliedly threatening to take actions which are unlawful and/or not intended to be taken, in violation of *15 USC §1692e(5)*;

    e.    Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

    f.    Falsely and intentionally misrepresenting the character, amount or legal status of the debt in violation of *15 USC § 1692e(2)(A)*.

21.    As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
### (Violation of California Rosenthal Fair Debt Collection Practices Act–California Civil Code §§ 1788, *et seq*)
### (Against NCAC and BONNIER)

22.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

23.    This action is brought under the California Rosenthal Fair Debt Collections Practices Act (California Civil Code §§ 1788, *et seq*) ("State Act"). This Court has jurisdiction over this action under the State Act.

24.    Defendants are debt collectors regularly engaged in the practice of collecting consumer debts on behalf of themselves or others.

25.    Defendants violated the State Act in multiple ways including, by way of example:

a.    Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

b.    Using false, deceptive and/or misleading representations or means to collect a debt in violation of *Cal. Civ. Code § 1788.17*;

c.    Failing to validate the debt allegedly owed by Plaintiff;

d.    Impliedly threatening to take actions which are unlawful and/or no intended to be taken, in violation of *Cal. Civ. Code § 1788.17*;

e.    Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

f.    Falsely and intentionally misrepresenting the character, amount or legal status of a debt in violation of *Cal. Civ. Code § 1788.17*.

26.    As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial

### THIRD CAUSE OF ACTION
#### (Fraud)
### (Against BONNIER and NCAC)

27.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

28.    BONNIER and NCAC, and each of them, participated in a fraudulent scheme designed to compel Plaintiff to remit funds to NCAC.

29.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

    a.    That Plaintiff had placed an order for a magazine with BONNIER;

    b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

    c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

    d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

    e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

30.    Each material representation was in fact false and BONNIER and its agent NCAC knew at all relevant times that the representations were false.  The true facts were that:

    a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

    b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

    c.    That Plaintiff did not owe any valid debt to BONNIER;

    d.    That there was no valid debt for BONNIER to assign to NCAC;

e.    That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

31.    BONNIER's agent NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

32.    Plaintiff did in fact reasonably and justifiably feel unease, anxiety, apprehension, disquiet and concern over the contents of the Notice which is the subject of this lawsuit.

33.    By reason of BONNIER and/or NCAC's wrongful and fraudulent conduct, Plaintiff has been injured and is entitled to recover all special and general damages caused thereby, subject to proof at trial.

34.    Defendants' acts were done fraudulently, willfully, maliciously, oppressively and in conscious disregard of Plaintiff's rights as defined under *California Civil Code § 3294*. By reason thereof, Plaintiff is entitled to an award of punitive damages against Defendants in a sum to be determined at trial according to proof.

### FOURTH CAUSE OF ACTION
(Conspiracy to Commit Fraud)
(Against NCAC and BONNIER)

35.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

36.    Defendants and each of them agreed amongst themselves to tortiously and fraudulently misrepresent to Plaintiff that he was indebted to Defendants as detailed above. The fraudulent scheme was designed to coerce Plaintiff into remitting funds to Defendants, funds in which Defendants had no legal right and/or interest.

37.  Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

a.  That Plaintiff had placed an order for a magazine with BONNIER;

b.  That Plaintiff had received magazines under the terms of a subscription with BONNIER;

c.  That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

d.  That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

e.  That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

38.  Each material representation was in fact false and BONNIER and NCAC knew at all relevant times that the representations were false.  The true facts were that:

a.  That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

b.  That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

c.  That Plaintiff did not owe any valid debt to BONNIER;

d.  That there was no valid debt for BONNIER to assign to NCAC;

e.  That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

39.  BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

40.    Plaintiff did in fact reasonably and justifiably feel unease, anxiety, apprehension, disquiet and concern over the contents of the Notice which is the subject of this lawsuit.

41.    Each of the actions taken by NCAC was accepted and ratified by BONNIER, or was done with the express knowledge and consent of BONNIER.

42.    Defendants, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

43.    Plaintiff alleges on information and belief that Defendant BONNIER furthered the conspiracy by encouraging, ratifying and adopting the acts of NCAC in that BONNIER offered and agreed to compensate NCAC for any funds it fraudulently compelled Plaintiff to remit to NCAC.

44.    Plaintiff is informed and believes, and thereon alleges, that the last overt act in furtherance of the above-alleged conspiracy occurred on or about December 21, 2007, on which date NCAC posted the Notice to Plaintiff.

45.    As a proximate result of the wrongful acts herein alleged, Plaintiff has been injured and is entitled to recover all special and general damages caused thereby, subject to proof at trial.

46.    In doing the things herein alleged, Defendants acted with malice, oppression, fraud and/or in conscious disregard of Plaintiff's rights as definded under *California Civil Code § 3294*. By reason thereof, Plaintiff is entitled to an award of punitive damages against Defendants in a sum to be determined at trial according to proof.

### FIFTH CAUSE OF ACTION
**(Negligent Misrepresentation)**
**(Against NCAC)**

47.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

48.    BONNIER and NCAC, and each of them, participated in a fraudulent scheme designed to compel Plaintiff to remit funds to NCAC.

49.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, falsely represented the following material facts to Plaintiff:

a.    That Plaintiff had placed an order for a magazine with BONNIER;

b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

50.    The representations made by NCAC were in fact false.  The true facts were that:

a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

c.    That Plaintiff did not owe any valid debt to BONNIER;

d.    That there was no valid debt for BONNIER to assign to NCAC;

e.    That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

51.    Defendants made these representations with no reasonable ground for believing them to be true in that Defendants knew or through the exercise of reasonable diligence should have known that at all relevant times the representations were false.

52.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

53.    Plaintiff did in fact feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

54.    By reason of Defendants' fraud and wrongful conduct, Plaintiff if entitled to recover all special and general damages caused thereby, subject to proof at trial.

### SIXTH CAUSE OF ACTION
#### (Unfair Business Practices: *B&PC §17200*)
#### (Against NCAC and BONNIER)

55.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

56.    Plaintiff is informed and believes and thereon alleges that on or about December 21, 2007, in connection with their businesses as a debt collection agency and a magazine publisher, NCAC and BONNIER, respectively, engaged in unlawful, unfair and fraudulent business practices, consisting substantially of the following:

a.    Wrongfully claiming that Plaintiff had subscribed to Defendant BONNIER's magazine;

b.    Wrongfully claiming that Plaintiff had received magazines from Defendant BONNIER;

c.    Wrongfully claiming that Plaintiff had received several valid invoices from Defendant BONNIER;

d.    Wrongfully claiming that Plaintiff owed a valid debt to Defendant BONNIER;

e.  Wrongfully suggesting that Plaintiff owed a valid debt to BONNIER, which debt comprised an account which was turned over to NCAC for collection;

f.  Wrongfully implying that if Plaintiff did not remit money to Defendants his credit score would be negatively affected;

g.  Wrongfully implying that Plaintiff was entitled to rights afforded under federal law to protect bonafide debtors;

h.  Wrongfully implying that Plaintiff was entitled to rights afforded under California state law to protect bonafide debtors.

57.  Plaintiff is an interested person within the meaning of §17204 of the California Business and Professions Code, because he is a victim of defendants' unlawful and unfair business practices by reason of the facts alleged above.

58.  Defendants' wrongful conduct, as herein alleged, is a common practice that affect numerous California consumers.

59.  Unrestrained, defendant will continue to engage in unfair and unlawful business practices.

60.  Defendants NCAC and BONNIER should be ordered under §18203 of the California Business and Professions Code to make restitution to plaintiff of any and all money wrongfully obtained from plaintiff and those similarly situated, and reimburse Plaintiff for his attorney's fees incurred in prosecuting the case.

61.  Plaintiff is without an adequate remedy at law and will suffer irreparable damage if Defendants are not enjoined from pursuing this unlawful practice.

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against NCAC and BONNIER)**

62.  Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

63.    On or about December 21, 2007, Defendant NCAC sent the Notice to Plaintiff, as hereinabove alleged, stating that Plaintiff had ordered a magazine from BONNIER; received those magazines; failed to pay the invoices for the magazines; and was then owing a valid debt to NCAC and BONNIER.

64.    The Notice implied that Plaintiff's credit score would be negatively affected if Plaintiff failed to remit funds to Defendants. This outrageous conduct was intended to profit by way of the commonly held concern over the importance of strong credit and the detriment which results from poor credit.  This conduct was beyond the reasonable bounds of decency.

65.    Defendants' outrageous and malicious conduct was done with the intention of causing, or with reckless disregard of the probability of causing, Plaintiff to suffer humiliation, mental anguish, physical distress and emotional distress.  Defendant BONNIER's conduct in confirming and ratifying that conduct was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

66.    As an actual and proximate result of the aforementioned acts, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to Plaintiff's damage.

67.    The aforementioned acts of Defendants were unprivileged, willful, wanton, malicious and oppressive, and thereby justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For economic damages according to proof;

2.    For compensatory damages according to proof;

3.    For general damages according to proof;

4.    For punitive damages on the third and fourth causes of action;

5.    Restitution of illegally gained profits pursuant to Cal. Bus. & Prof. Code §17200 et seq.;

6.    For reasonable attorney's fees according to proof;

7.    Prejudgment interest according to proof;

8.    For costs of suit incurred; and

9.    For such other and further relief as the Court deems necessary and proper.

Dated: _2-25___, 2008

SPECKMAN & ASSOCIATES

By: _____
DAVID L. SPECKMAN, ESQ.
Attorney for Plaintiff DAVID G. RICHARDS

DATE: AUG 0 6 2008
Attest: A true copy,
Clerk of the Superior Court
By _____ Deputy
      J. Krigbaum

COMPLAINT FOR DAMAGES

- 14 -

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, number, and address):* | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR *(Name):*  David G. Richards | FILED<br>CIVIL BUSINESS OFFICE-5<br>CENTRAL DIVISION<br><br>2008 APR 23 P 2:20<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
  STREET ADDRESS: 330 WEST BROADWAY
  MAILING ADDRESS:
  CITY AND ZIP CODE: SAN DIEGO, CA 92101
  BRANCH NAME: CENTRAL DIVISION

CASE NAME:  RICHARDS v. NATIONAL CREDIT AUDIT, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)  [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2008-00082557-CU-BT-CTL<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):*  Seven (See attachment)

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2-25-08

David L. Speckman, Esq. SBN 178180
_____     ▶
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| PETITIONER/PLAINTIFF: DAVID G. RICHARDS | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: NATIONAL CREDIT AUDIT, BONNIER CORPOR | |

**Attachment to Civil Case Cover Sheet re Causes of Action**

1) Violation of Federal Fair Debt Collection Practices Act;
2) Violation of California Rosenthal Fair Debt Collection Practices Act;
3) Fraud;
4) Conspiracy to Commit Fraud;
5) Negligent Misrepresentation;
6) Unfair Business Practices-B&PC §17200; and
7) Intentional Infliction of Emotional Distress

Legal
Solutions
Plus

**SUMMONS**
*(CITACIÓN JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23  P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL CREDIT AUDIT CORPORATION, an Illinois
corporation; BONNIER CORPORATION, a Florida
corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID G. RICHARDS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>330 WEST BROADWAY<br><br>SAN DIEGO, CA 92101<br>CENTRAL DIVISION | CASE NUMBER:<br>*(Número del Caso):*  37-2008-00082557-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Speckman, Esq. SBN 178180          619-696-5151    619-696-5196
SPECKMAN & ASSOCIATES
835 Fifth Ave., Suite 301
San Diego, CA 92101

DATE: 4-23-08          Clerk, by  *Kathy Bailey*  , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT · SAN DIEGO COUNTY · CA

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR (Name): David G. Richards | F I L E D<br>Clerk of the Superior Court<br>JUL 2 3 2008<br>By: M. SPIESMAN, Deputy<br><br>JUL 23 '08 PM 3:47 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 | |
| [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105 | |
| [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 | |
| [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 | |
| [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 | |
| [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |

| PLAINTIFF(S)/PETITIONER(S) DAVID G. RICHARDS | [X] I/C JUDGE John S. Meyer |
|---|---|
| DEFENDANT(S)/RESPONDENT(S) NATIONAL CREDIT AUDIT, BONNIER CORPORATION | [ ] MASTER CALENDAR<br>DEPT 61 |
| **CERTIFICATE OF:**<br>**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**<br>(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;<br>Division IV rules 4.169 & 4.170) | CASE NUMBER<br>37-2008-82557-CU |

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: *(CHECK ONE BOX)*

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) National Credit Audit Corporation and Bonnier Corporation were served. Waiting on original proofs of service to file with Certificate of Service. *(May list more than one defendant)*

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
*(ALL or list individual(s))*

3C5 [ ] Defendant was served on _____ , and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____ , but was unable to request entry of default.

Therefore, it is requested that the time be extended until August 6, 2008 _____ for filing of a(n):

[X] CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ] ANSWER OR OTHER DEFENDANT APPEARANCE

[ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV- 204)

Reason(s): Plaintiff served Defendant National Credit Audit Corporation on 7/1/2008 and has received the original proof of service (a true and correct copy of which is attached hereto) from the Process Server. Plaintiff served Defendant Bonnier Corporation on 7/11/2008. However, plaintiff has not received the original proof of service from the Process Server (a true and correct copy of which is attached hereto). Plaintiff respectfully requests an additional 2 week extension in and including August 6, 2008 to file the Certificates of Service with the *original* proofs of service for both defendants.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated: 7/22/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

---

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: AUG 1 5 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____

    [ ] INSUFFICIENT REASON FOR DELAY OF CASE.

    [ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: JUL 2 4 2008 _____

JUDGE OF THE SUPERIOR COURT JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

---

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**

ORIGINAL

SDSC CIV-144(Rev. 4-04)                                                                 SD-144

ClientCaseID:   TERRI          21283          CaseReturnDate:   7/1/08

JUL 23 '08 PM 3:47

Affidavit of  A PRIVATE INVESTIGATOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

Case Number 37200882557 CU

I, JOHN J PENNELL

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED AGENT OF THE ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY  ACT LICENSE NUMBER #117-000697

## CORPORATE SERVICE

THAT I SERVED THE WITHIN   DOCUMENTS AS LISTED HEREIN

ON THE WITHIN NAMED  DEFENDANT  NATIONAL CREDIT AUDIT CORPORATION

PERSON SERVED  DEANNA DILLION, REG AGNT

BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON 7/1/08

DOCUMENTS SERVED: SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, NOTICE OF CASE ASSIGNMENT AND STIPULATION TO USEOF ALTERNATIVE DISPUTE RESOLUTION PROCESS & NOTICE TO LITIGANTS/ADR PACKAGE.

That the sex, race and approximate age of the whom I left the   DOCUMENTS AS LISTED HEREIN

are as follow:

Sex  FEMALE  Race  WHITE          Age   50        Height   506          Build   MEDIUM        Hair   BRN

LOCATION OF SERVICE   801  ADLAI STEVENSON DRIVE
                        SPRINGFIELD, IL, 62703

Date Of Service    7/1/08              Time of Service    12:59 PM

JOHN J PENNELL                          7/3/2008

A PRIVATE INVESTIGATOR

P.E.R.C. #129-205690

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

SUPERIOR COURT OF THE STATE OF CALIFORNIA          CASE NUMBER 37-2008-82557-CU

                                                                    JUL 23 '08 PM 3:47

DAVID G. RICHARDS,
            Plaintiff

v.

NATIONAL CREDIT AUDIT CORPORATION,
An Illinois corporation; BONNIER CORPORATION,
A Florida corporation; and DOES 1 through 50, inclusive

### AFFIDAVIT OF SERVICE

THE STATE OF FLORIDA

Now comes Sid Lalande, a resident of Orange County, who states and deposes as follows:

1. Affiant is not a party to nor interested in the outcome of the above case and is over the age of 18 years.
2. Affiant received the attached **Summons with attached complaint** on July 2, 2008 to be served on **Bonnier Corporation** c/o Jeremy Thompson, Esq.
3. Affiant personally served same at **460 N. Orlando Ave., Ste. 200 in Winter Park, Florida** on **July 11, 2008** at **12:05 P.M.** by the following method:

__X__Other: By delivering a true copy of this process, with any attachments provided, to Rene Robertson, Receptionist as designated to accept service on behalf of Bonnier Corporation c/o Jeremy Thompson, Esq.

Service on the receptionist was only made after 3 attempts at least 6 hours apart were made to serve Jeremy Thompson, Esq. individually.

Service Fee: $_____

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

___7.16.08___
Date

                                                     Sid Lalande, "SPS" I.D. 1232
                                                     A.C.E.
                                                     102 NE 2nd St., PMB 147
                                                     Boca Raton, FL 33432
                                                     561-447-7639

The foregoing instrument was acknowledged before me this 16th day of July, 2008 by Sid Lalande who is personally known to me and who did not take an oath.

                                                     _____
                                                     Notary Public

                          DAVID M. CHASE
                          MY COMMISSION # DD 495452
                          EXPIRES: October 24, 2009
                          Bonded Thru Notary Public Underwriters

Commission #:
Commission Expires:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:      330 W Broadway

MAILING ADDRESS:     330 W Broadway

CITY AND ZIP CODE:   San Diego, CA 92101-3827

BRANCH NAME:         Central

TELEPHONE NUMBER:

PLAINTIFF(S) / PETITIONER(S):     David G. Richards

DEFENDANT(S) / RESPONDENT(S): National Credit Audit Corporation, An Illinois Corporation et.al.

RICHARDS VS. NATIONAL CREDIT AUDIT CORPORATION, AN ILLINOIS CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00082557-CU-BT-CTL |
| --- | --- |

Judge: *John Meyer*                                      Department: *C-41*

**COMPLAINT/PETITION FILED:** 04/26/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Ave.
Suite 301
San Diego, CA 92101
TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196
ATTORNEY FOR *(Name):* David G. Richards

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JUN 2 3 2008

By: M. SPIESMAN, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

[X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
[ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
[ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
[ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
[ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
[ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S) DAVID G. RICHARDS

[X] I/C JUDGE  John S. Meyer

DEFENDANT(S)/RESPONDENT(S) NATIONAL CREDIT AUDIT, BONNIER CORPORATION

[ ] MASTER CALENDAR
DEPT  61

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**
(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;
Division IV rules 4.169 & 4.170)

CASE NUMBER
37-2008-82557-CU

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: **(CHECK ONE BOX)**

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) _____
(May list more than one defendant)

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
(ALL or list individual(s))

3C5 [ ] Defendant was served on _____, and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____, but was unable to request entry of default.

Therefore, it is requested that the time be extended until  July 23, 2008  for filing of a(n):

[X] CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ] ANSWER OR OTHER DEFENDANT APPEARANCE

[ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV- 204)

Reason(s):  Difficulty locating address for service — address has now been located and Complaint/Summons sent out for Service

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated:  6/23/2008

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN:  JUL 2 3 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____
[ ] INSUFFICIENT REASON FOR DELAY OF CASE.
[ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED:  JUN 2 4 2008

JUDGE OF THE SUPERIOR COURT  JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**
SD-144

ORIGINAL

1  David L. Speckman, Esq., SBN 178180
   **SPECKMAN & ASSOCIATES**
2  835 Fifth Avenue, Suite 301
   San Diego, CA 92101
3  Telephone: (619) 696-5151
   Facsimile: (619) 696-5196
4

5  Attorneys for Plaintiff David G. Richards

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

               **FOR THE COUNTY OF SAN DIEGO**
9

10

11  DAVID G. RICHARDS,                        **CASE NO:** 37-2008-00082557-CU-BT-CTL

12            Plaintiff,                      **COMPLAINT FOR**

13                                            1.   Violation of the Federal Fair Debt
       vs.                                         Collection Practices Act;
14                                            2.   Violation of California Rosenthal
                                                   Fair Debt Collection Practices
15  NATIONAL CREDIT AUDIT                          Act;
    CORPORATION, an Illinois Corporation;    3.   Fraud;
16  BONNIER CORPORATION, a Florida           4.   Conspiracy to Commit Fraud;
    Corporation; and DOES 1 through 50,      5.   Negligent Misrepresentation;
17  inclusive,                               6.   Unfair Business Practices–B&PC
                                                   § 17200;
18            Defendants.                     7.   Intentional Infliction of Emotional
                                                   Distress
19

20

21

22          COMES NOW Plaintiff, DAVID G. RICHARDS (hereinafter "Plaintiff" or

23  "RICHARDS") alleging as follows:

24

25                                    **PARTIES**

26          1.    Plaintiff DAVID G. RICHARDS is an individual residing in San Diego County,

27  California.

28
                              COMPLAINT FOR DAMAGES

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23  P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

2.     Defendant NATIONAL CREDIT AUDIT CORPORATION (hereinafter "NCAC") is an Illinois corporation doing business in San Diego, California.

3.     BONNIER CORPORATION (hereinafter "BONNIER") is a Florida corporation doing business in San Diego County, California.

4.     Venue is proper in the Court as the events and wrongful acts that gave rise to this action all occurred in this judicial district.

5.     Plaintiff is unaware of the true names and capacities, whether individuals, associations, partnerships, corporations, or otherwise, of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff alleges on information and belief that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.  Plaintiff will amend his complaint when the true names of such defendants are ascertained.

6.     Plaintiff is informed and believes, and based on that information and belief alleges, that each Defendant, including those named as DOES, is, and at all times mentioned herein was, the agent, servant and/or employee of each of the other Defendants and, in doing the things herein alleged, was acting within the course and scope of those relationships and with the full knowledge of each of the other named Defendants.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.     In or around January 2005 Plaintiff received as a gift a subscription to "Popular Science", a magazine published by BONNIER.  Plaintiff allowed the subscription to expire and rejected all of the repeated subscription renewal offers BONNIER, the publisher of "Popular Science" magazine, sent to him.

8.     On or about January 1, 2007, Plaintiff received a letter from NCAC (hereinafter the "Notice") which alleged that NCAC was a collection agency attempting to collect a bonafide debt from Plaintiff on behalf of the publisher BONNIER.

9.    The Notice indicated that Plaintiff had ordered "Popular Science" magazine, received various issues, and had never paid for those magazines despite having been sent several invoices from the publisher.

10.    The Notice stated that the publisher had "turned the account over" to NCAC for collection.  The Notice included a section informing Plaintiff that the letter was an attempt to collect a debt and that he had thirty days to dispute the debt before it would be considered valid.

11.    Plaintiff, an exceptionally conscientious manager of his family's financial affairs, and keenly aware of the effect of negative credit references, was immediately concerned that his credit score had already been and/or would be impacted by the failure to pay debts he owed.

12.    Plaintiff tried, in vain, to locate records indicating that he was in fact liable for any debt due to NCAC and/or BONNIER.  His records indicated the contrary—that Plaintiff did not in fact owe any debt to BONNIER or NCAC.

13.    Plaintiff called the phone number of NCAC listed on the debt collection Notice. After navigating an automated directory system, Plaintiff was finally able to select an option indicating that he had never subscribed to the magazine.  The message then informed him that his account had been rectified, no amount was owing, and NCAC does not in fact report to credit agencies.

14.    Plaintiff never owed any debt to NCAC and/or BONNIER, nor had he received any magazines for which he had not paid; rather, the Notice was a creative, unscrupulous and deceptive attempt to fraudulently compel and induce Plaintiff to re-subscribe to a magazine.

15.    Plaintiff is informed and believes, and thereon alleges, that NCAC was acting at all times at the direction of and with the knowledge of BONNIER.

16.    Defendants' intentional, malicious and reckless actions caused Plaintiff embarrassment, mental anguish, emotional distress and other damages.

### FIRST CAUSE OF ACTION
### (Violation Of The Federal Fair Debt Collections Practice Act–15 U.S.C. § 1692, *et seq.*)
### (Against NCAC and BONNIER)

17.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

18.    This action is brought under the Federal Fair Debt Collections Practices Act (15 United States Code § 1692, *et seq.*) (the "Federal Act").  This Court has jurisdiction over this action under 15 United States Code § 1692(k) of the Federal Act.

19.    Defendants are regularly engaged in the collection of consumer debts and both constitute debt collectors as defined by the Federal Fair Debt Collections Practice Act.

20.    Defendants violated the Federal Act in several ways, including, by way of example:

    a.    Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

    b.    Using false, deceptive and/or misleading representations or means to collect a debt in violation of *15 USC §§ 1692e, 1692(e)(10)*;

    c.    Failing to validate the debt allegedly owed by Plaintiff;

    d.    Impliedly threatening to take actions which are unlawful and/or not intended to be taken, in violation of *15 USC §1692e(5)*;

    e.    Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

    f.    Falsely and intentionally misrepresenting the character, amount or legal status of the debt in violation of *15 USC § 1692e(2)(A)*.

21.    As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
### (Violation of California Rosenthal Fair Debt Collection Practices Act–California Civil Code §§ 1788, *et seq*)
### (Against NCAC and BONNIER)

22.     Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

23.     This action is brought under the California Rosenthal Fair Debt Collections Practices Act (California Civil Code §§ 1788, *et seq*) ("State Act"). This Court has jurisdiction over this action under the State Act.

24.     Defendants are debt collectors regularly engaged in the practice of collecting consumer debts on behalf of themselves or others.

25.     Defendants violated the State Act in multiple ways including, by way of example:

a.     Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

b.     Using false, deceptive and/or misleading representations or means to collect a debt in violation of *Cal. Civ. Code § 1788.17*;

c.     Failing to validate the debt allegedly owed by Plaintiff;

d.     Impliedly threatening to take actions which are unlawful and/or no intended to be taken, in violation of *Cal. Civ. Code § 1788.17*;

e.     Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

f.     Falsely and intentionally misrepresenting the character, amount or legal status of a debt in violation of *Cal. Civ. Code § 1788.17*.

26.     As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial

### THIRD CAUSE OF ACTION
(Fraud)
### (Against BONNIER and NCAC)

27.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

28.    BONNIER and NCAC, and each of them, participated in a fraudulent scheme designed to compel Plaintiff to remit funds to NCAC.

29.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

   a.    That Plaintiff had placed an order for a magazine with BONNIER;

   b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

   c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

   d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

   e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

30.    Each material representation was in fact false and BONNIER and its agent NCAC knew at all relevant times that the representations were false.  The true facts were that:

   a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

   b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

   c.    That Plaintiff did not owe any valid debt to BONNIER;

   d.    That there was no valid debt for BONNIER to assign to NCAC;

1          e.       That Plaintiff was not a debtor entitled to the protection of the Fair

2                   Debt Collection Practices Act;

3          31.      BONNIER's agent NCAC made the false representations to Plaintiff with

4    the intent that he feel unease, anxiety, apprehension, disquiet and concern over his

5    credit score and the damage which would result from his failure to respond to the

6    Notice.

7          32.      Plaintiff did in fact reasonably and justifiably feel unease, anxiety,

8    apprehension, disquiet and concern over the contents of the Notice which is the subject

9    of this lawsuit.

10         33.      By reason of BONNIER and/or NCAC's wrongful and fraudulent conduct,

11   Plaintiff has been injured and is entitled to recover all special and general damages

12   caused thereby, subject to proof at trial.

13         34.      Defendants' acts were done fraudulently, willfully, maliciously,

14   oppressively and in conscious disregard of Plaintiff's rights as defined under *California*

15   *Civil Code § 3294.*  By reason thereof, Plaintiff is entitled to an award of punitive

16   damages against Defendants in a sum to be determined at trial according to proof.

17

18                          **FOURTH CAUSE OF ACTION**
                            **(Conspiracy to Commit Fraud)**
19                          **(Against NCAC and BONNIER)**

20         35.      Plaintiff realleges and incorporates herein by reference each and every

21   allegation contained above as though fully set forth herein at length.

22         36.      Defendants and each of them agreed amongst themselves to tortiously

23   and fraudulently misrepresent to Plaintiff that he was indebted to Defendants as

24   detailed above.  The fraudulent scheme was designed to coerce Plaintiff into remitting

25   funds to Defendants, funds in which Defendants had no legal right and/or interest.

26

27

28

37.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

    a.    That Plaintiff had placed an order for a magazine with BONNIER;

    b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

    c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

    d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

    e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

38.    Each material representation was in fact false and BONNIER and NCAC knew at all relevant times that the representations were false.  The true facts were that:

    a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

    b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

    c.    That Plaintiff did not owe any valid debt to BONNIER;

    d.    That there was no valid debt for BONNIER to assign to NCAC;

    e.    That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

39.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

40.    Plaintiff did in fact reasonably and justifiably feel unease, anxiety, apprehension, disquiet and concern over the contents of the Notice which is the subject of this lawsuit.

41.    Each of the actions taken by NCAC was accepted and ratified by BONNIER, or was done with the express knowledge and consent of BONNIER.

42.    Defendants, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

43.    Plaintiff alleges on information and belief that Defendant BONNIER furthered the conspiracy by encouraging, ratifying and adopting the acts of NCAC in that BONNIER offered and agreed to compensate NCAC for any funds it fraudulently compelled Plaintiff to remit to NCAC.

44.    Plaintiff is informed and believes, and thereon alleges, that the last overt act in furtherance of the above-alleged conspiracy occurred on or about December 21, 2007, on which date NCAC posted the Notice to Plaintiff.

45.    As a proximate result of the wrongful acts herein alleged, Plaintiff has been injured and is entitled to recover all special and general damages caused thereby, subject to proof at trial.

46.    In doing the things herein alleged, Defendants acted with malice, oppression, fraud and/or in conscious disregard of Plaintiff's rights as definded under *California Civil Code § 3294*.  By reason thereof, Plaintiff is entitled to an award of punitive damages against Defendants in a sum to be determined at trial according to proof.

### FIFTH CAUSE OF ACTION
#### (Negligent Misrepresentation)
#### (Against NCAC)

47.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

COMPLAINT FOR DAMAGES
- 9 -

48.     BONNIER and NCAC, and each of them, participated in a fraudulent scheme designed to compel Plaintiff to remit funds to NCAC.

49.     Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, falsely represented the following material facts to Plaintiff:

a.     That Plaintiff had placed an order for a magazine with BONNIER;

b.     That Plaintiff had received magazines under the terms of a subscription with BONNIER;

c.     That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

d.     That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

e.     That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

50.     The representations made by NCAC were in fact false.  The true facts were that:

a.     That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

b.     That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

c.     That Plaintiff did not owe any valid debt to BONNIER;

d.     That there was no valid debt for BONNIER to assign to NCAC;

e.     That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

51.     Defendants made these representations with no reasonable ground for believing them to be true in that Defendants knew or through the exercise of reasonable diligence should have known that at all relevant times the representations were false.

52.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

53.    Plaintiff did in fact feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

54.    By reason of Defendants' fraud and wrongful conduct, Plaintiff if entitled to recover all special and general damages caused thereby, subject to proof at trial.

### SIXTH CAUSE OF ACTION
#### (Unfair Business Practices: *B&PC §17200*)
#### (Against NCAC and BONNIER)

55.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

56.    Plaintiff is informed and believes and thereon alleges that on or about December 21, 2007, in connection with their businesses as a debt collection agency and a magazine publisher, NCAC and BONNIER, respectively, engaged in unlawful, unfair and fraudulent business practices, consisting substantially of the following:

a.    Wrongfully claiming that Plaintiff had subscribed to Defendant BONNIER's magazine;

b.    Wrongfully claiming that Plaintiff had received magazines from Defendant BONNIER;

c.    Wrongfully claiming that Plaintiff had received several valid invoices from Defendant BONNIER;

d.    Wrongfully claiming that Plaintiff owed a valid debt to Defendant BONNIER;

e.    Wrongfully suggesting that Plaintiff owed a valid debt to BONNIER, which debt comprised an account which was turned over to NCAC for collection;

f.    Wrongfully implying that if Plaintiff did not remit money to Defendants his credit score would be negatively affected;

g.    Wrongfully implying that Plaintiff was entitled to rights afforded under federal law to protect bonafide debtors;

h.    Wrongfully implying that Plaintiff was entitled to rights afforded under California state law to protect bonafide debtors.

57.    Plaintiff is an interested person within the meaning of §17204 of the California Business and Professions Code, because he is a victim of defendants' unlawful and unfair business practices by reason of the facts alleged above.

58.    Defendants' wrongful conduct, as herein alleged, is a common practice that affect numerous California consumers.

59.    Unrestrained, defendant will continue to engage in unfair and unlawful business practices.

60.    Defendants NCAC and BONNIER should be ordered under §18203 of the California Business and Professions Code to make restitution to plaintiff of any and all money wrongfully obtained from plaintiff and those similarly situated, and reimburse Plaintiff for his attorney's fees incurred in prosecuting the case.

61.    Plaintiff is without an adequate remedy at law and will suffer irreparable damage if Defendants are not enjoined from pursuing this unlawful practice.

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against NCAC and BONNIER)**

62.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

63.    On or about December 21, 2007, Defendant NCAC sent the Notice to Plaintiff, as hereinabove alleged, stating that Plaintiff had ordered a magazine from BONNIER; received those magazines; failed to pay the invoices for the magazines; and was then owing a valid debt to NCAC and BONNIER.

64.    The Notice implied that Plaintiff's credit score would be negatively affected if Plaintiff failed to remit funds to Defendants. This outrageous conduct was intended to profit by way of the commonly held concern over the importance of strong credit and the detriment which results from poor credit.  This conduct was beyond the reasonable bounds of decency.

65.    Defendants' outrageous and malicious conduct was done with the intention of causing, or with reckless disregard of the probability of causing, Plaintiff to suffer humiliation, mental anguish, physical distress and emotional distress.  Defendant BONNIER's conduct in confirming and ratifying that conduct was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

66.    As an actual and proximate result of the aforementioned acts, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to Plaintiff's damage.

67.    The aforementioned acts of Defendants were unprivileged, willful, wanton, malicious and oppressive, and thereby justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For economic damages according to proof;

2.    For compensatory damages according to proof;

3.    For general damages according to proof;

4.    For punitive damages on the third and fourth causes of action;

5.    Restitution of illegally gained profits pursuant to Cal. Bus. & Prof. Code §17200 et seq.;

6.    For reasonable attorney's fees according to proof;

7.    Prejudgment interest according to proof;

8.    For costs of suit incurred; and

9.    For such other and further relief as the Court deems necessary and proper.

Dated: _2-25_____, 2008                    SPECKMAN & ASSOCIATES

By: _____
DAVID L. SPECKMAN, ESQ.
Attorney for Plaintiff DAVID G. RICHARDS

DATE: AUG 0 6 2008
Attest: A true copy,
Clerk of the Superior Court
By_____Deputy
    J. Krigbaum

SUPERIOR COURT
SAN DIEGO COUNTY, CA

COMPLAINT FOR DAMAGES
- 14 -

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101 | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2008 APR 23 P 2:20<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

TELEPHONE NO.: 619-696-5151     FAX NO.: 619-696-5196

ATTORNEY FOR *(Name)*:  David G. Richards

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME:   RICHARDS v. NATIONAL CREDIT AUDIT, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00082557-CU-BT-CTL<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| | | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Seven (See attachment)

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2-25-08

David L. Speckman, Esq. SBN 178180
(TYPE OR PRINT NAME)                                        ▶                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| PETITIONER/PLAINTIFF: DAVID G. RICHARDS | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: NATIONAL CREDIT AUDIT, BONNIER CORPOR | |

**Attachment to Civil Case Cover Sheet re Causes of Action**

1) Violation of Federal Fair Debt Collection Practices Act;
2) Violation of California Rosenthal Fair Debt Collection Practices Act;
3) Fraud;
4) Conspiracy to Commit Fraud;
5) Negligent Misrepresentation;
6) Unfair Business Practices-B&PC §17200; and
7) Intentional Infliction of Emotional Distress

Legal
Solutions
Plus

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
NATIONAL CREDIT AUDIT CORPORATION, an Illinois
corporation; BONNIER CORPORATION, a Florida
corporation; and DOES 1 through 50, inclusive

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DAVID G. RICHARDS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2008-00082557-CU-BT-CTL |
|---|---|

SUPERIOR COURT OF THE STATE OF CALIFORNIA
330 WEST BROADWAY

SAN DIEGO, CA 92101
CENTRAL DIVISION
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Speckman, Esq. SBN 178180          619-696-5151          619-696-5196
SPECKMAN & ASSOCIATES
835 Fifth Ave., Suite 301
San Diego, CA 92101

| DATE: *(Fecha):* 4-23-08 | Clerk, by *(Secretario):* Kathy Bailey | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state b       nber, and address):*
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Ave.
Suite 301
San Diego, CA 92101
TELEPHONE NO.: 619-696-5151     FAX NO.: 619-696-5196
ATTORNEY FOR *(Name)*  David G. Richards

**FOR COURT USE ONLY**

F I L E D
Clerk of the Superior Court

JUL 2 3 2008

By: M. SPIESSMAN, Deputy

JUL 23 '08 PM 3:47

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| X | HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 |
| | MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105 |
| | NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 |
| | EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 |
| | RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 |
| | SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 |

PLAINTIFF(S)/PETITIONER(S)  DAVID G. RICHARDS

DEFENDANT(S)/RESPONDENT(S)  NATIONAL CREDIT AUDIT, BONNIER CORPORATION

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**
**(San Diego Superior Court Rules: rules 2.5, 2.6, 2.7, 2.34;**
**Division IV rules 4.169 & 4.170)**

[X] I/C JUDGE  John S. Meyer

[ ] MASTER CALENDAR
DEPT  61

CASE NUMBER
37-2008-82557-CU

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: *(CHECK ONE BOX)*

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) National Credit Audit Corporation and Bonnier Corporation were served. Waiting on original proofs of service to file with Certificate of Service. *(May list more than one defendant)*

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
*(ALL or list individual(s))*

3C5 [ ] Defendant was served on _____ , and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____ , but was unable to request entry of default.

Therefore, it is requested that the time be extended until  August 6, 2008 _____ for filing of a(n):

[X] CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ] ANSWER OR OTHER DEFENDANT APPEARANCE

[ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV- 204)

Reason(s):  Plaintiff served Defendant National Credit Audit Corporation on 7/1/2008 and has received the original proof of service (a true and correct copy of which is attached hereto) from the Process Server. Plaintiff served Defendant Bonnier Corporation on 7/11/2008. However, plaintiff has not received the original proof of service from the Process Server (a true and correct copy of which is attached hereto). Plaintiff respectfully requests an additional 2 week extension in and including August 6, 2008 to file the Certificates of Service with the *original* proofs of service for both defendants.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated:  7/22/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: _____ AUG 1 5 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____
[ ] INSUFFICIENT REASON FOR DELAY OF CASE.
[ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.
DATED:  JUL 2 4 2008 _____

JUDGE OF THE SUPERIOR COURT  JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

ORIGINAL

**CERTIFICATE OF:**
SDSC CIV-144(Rev. 4-04)  **PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**  SD-144

ClientCaseID:  TERRI          21283              CaseReturnDate:  7/1/08

JUL 23 '08 PM 3:47

Affidavit of  A PRIVATE INVESTIGATOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

Case Number **37200882557 CU**

I, JOHN J PENNELL

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS
A REGISTERED AGENT OF THE ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE
AGENCY ACT LICENSE NUMBER #117-000697

## CORPORATE SERVICE

THAT I SERVED THE WITHIN   DOCUMENTS AS LISTED HEREIN
ON THE WITHIN NAMED  DEFENDANT  NATIONAL CREDIT AUDIT CORPORATION
PERSON SERVED  DEANNA DILLION, REG AGNT
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON **7/1/08**

DOCUMENTS SERVED: SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, NOTICE OF CASE ASSIGNMENT AND
STIPULATION TO USEOF ALTERNATIVE DISPUTE RESOLUTION PROCESS & NOTICE TO LITIGANTS/ADR
PACKAGE.

That the sex, race and approximate age of the whom I left the   DOCUMENTS AS LISTED HEREIN
are as follow:

**Sex**  FEMALE  **Race**  WHITE       **Age**   50      **Height**   506       **Build**  MEDIUM      **Hair**  BRN

LOCATION OF SERVICE    **801  ADLAI STEVENSON DRIVE**
                       **SPRINGFIELD, IL, 62703**

Date Of Service    **7/1/08**          Time of Service    **12:59 PM**

JOHN J PENNELL                                           7/3/2008

**A PRIVATE INVESTIGATOR**

P.E.R.C. #129-205690

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned
certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such
matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CASE NUMBER 37-2008-82557-CU

JUL 23 '08 PM 3:47

DAVID G. RICHARDS,
                    Plaintiff

v.

NATIONAL CREDIT AUDIT CORPORATION,
An Illinois corporation; BONNIER CORPORATION,
A Florida corporation; and DOES 1 through 50, inclusive

## AFFIDAVIT OF SERVICE

THE STATE OF FLORIDA

Now comes Sid Lalande, a resident of Orange County, who states and deposes as follows:

1. Affiant is not a party to nor interested in the outcome of the above case and is over the age of 18 years.
2. Affiant received the attached **Summons with attached complaint** on July 2, 2008 to be served on **Bonnier Corporation** c/o Jeremy Thompson, Esq.
3. Affiant personally served same at **460 N. Orlando Ave., Ste. 200 in Winter Park, Florida** on **July 11, 2008** at **12:05 P.M.** by the following method:

**_X_ Other**: By delivering a true copy of this process, with any attachments provided, to Rene Robertson, Receptionist as designated to accept service on behalf of Bonnier Corporation c/o Jeremy Thompson, Esq.

Service on the receptionist was only made after 3 attempts at least 6 hours apart were made to serve Jeremy Thompson, Esq. individually.

Service Fee: $_____

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

7.16.08
Date

Sid Lalande, "SPS" I.D. 1232
A.C.E.
102 NE 2nd St., PMB 147
Boca Raton, FL 33432
561-447-7639

The foregoing instrument was acknowledged before me this 16th day of July, 2008 by Sid Lalande who is personally known to me and who did not take an oath.

Notary Public

DAVID M. CHASE
MY COMMISSION # DD 491548
EXPIRES: October 24, 2009
Bonded Thru Notary Public Underwriters

Commission #:
Commission Expires:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | |

PLAINTIFF(S) / PETITIONER(S):    David G. Richards

DEFENDANT(S) / RESPONDENT(S): National Credit Audit Corporation, An Illinois Corporation et.al.

RICHARDS VS. NATIONAL CREDIT AUDIT CORPORATION, AN ILLINOIS CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00082557-CU-BT-CTL |

Judge: *John Meyer*                                          Department: *C-41*

**COMPLAINT/PETITION FILED:** 04/26/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**NOTICE OF CASE ASSIGNMENT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR *(Name):* David G. Richards | F I L E D<br>Clerk of the Superior Court<br><br>JUN 2 3 2008<br><br>By: M. SPIESMAN, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

[X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
[ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
[ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
[ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
[ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
[ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| PLAINTIFF(S)/PETITIONER(S) DAVID G. RICHARDS | [X] I/C JUDGE John S. Meyer |
|---|---|
| DEFENDANT(S)/RESPONDENT(S) NATIONAL CREDIT AUDIT, BONNIER CORPORATION | [ ] MASTER CALENDAR<br>DEPT 61 |
| **CERTIFICATE OF:**<br>**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**<br>(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;<br>Division IV rules 4.169 & 4.170) | CASE NUMBER<br>37-2008-82557-CU |

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: *(CHECK ONE BOX)*

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) _____
(May list more than one defendant)

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
(ALL or list individual(s))

3C5 [ ] Defendant was served on _____, and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____, but was unable to request entry of default.

Therefore, it is requested that the time be extended until July 23, 2008 for filing of a(n):

[X] CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ] ANSWER OR OTHER DEFENDANT APPEARANCE

[ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): Difficulty locating address for service - address has now been located and Complaint/Summons sent out for Service

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated: 6/23/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

---

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: JUL 2 3 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____

  [ ] INSUFFICIENT REASON FOR DELAY OF CASE.
  [ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: JUN 2 4 2008 _____

JUDGE OF THE SUPERIOR COURT  JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

ORIGINAL

| SDSC CIV-144(Rev. 4-04) | **CERTIFICATE OF:**<br>**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT** | SD-144 |
|---|---|---|

1   David L. Speckman, Esq., SBN 178180
    **SPECKMAN & ASSOCIATES**
2   835 Fifth Avenue, Suite 301
    San Diego, CA 92101
3   Telephone: (619) 696-5151
    Facsimile: (619) 696-5196
4

5   Attorneys for Plaintiff David G. Richards

6

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF SAN DIEGO**

10

11  DAVID G. RICHARDS,                      **CASE NO:** 37-2008-00082557-CU-BT-CTL

12          Plaintiff,                      **COMPLAINT FOR**

13                                          1.    Violation of the Federal Fair Debt
    vs.                                           Collection Practices Act;
14                                          2.    Violation of California Rosenthal
                                                  Fair Debt Collection Practices
15  NATIONAL CREDIT AUDIT                         Act;
    CORPORATION, an Illinois Corporation;   3.    Fraud;
16  BONNIER CORPORATION, a Florida          4.    Conspiracy to Commit Fraud;
    Corporation; and DOES 1 through 50,     5.    Negligent Misrepresentation;
17  inclusive,                              6.    Unfair Business Practices–B&PC
                                                  § 17200;
18          Defendants.                     7.    Intentional Infliction of Emotional
                                                  Distress
19

20

21

22          COMES NOW Plaintiff, DAVID G. RICHARDS (hereinafter "Plaintiff" or

23  "RICHARDS") alleging as follows:

24

25                                  **PARTIES**

26          1.    Plaintiff DAVID G. RICHARDS is an individual residing in San Diego County,

27  California.

28
                             COMPLAINT FOR DAMAGES

2.    Defendant NATIONAL CREDIT AUDIT CORPORATION (hereinafter "NCAC") is an Illinois corporation doing business in San Diego, California.

3.    BONNIER CORPORATION (hereinafter "BONNIER") is a Florida corporation doing business in San Diego County, California.

4.    Venue is proper in the Court as the events and wrongful acts that gave rise to this action all occurred in this judicial district.

5.    Plaintiff is unaware of the true names and capacities, whether individuals, associations, partnerships, corporations, or otherwise, of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff alleges on information and belief that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged. Plaintiff will amend his complaint when the true names of such defendants are ascertained.

6.    Plaintiff is informed and believes, and based on that information and belief alleges, that each Defendant, including those named as DOES, is, and at all times mentioned herein was, the agent, servant and/or employee of each of the other Defendants and, in doing the things herein alleged, was acting within the course and scope of those relationships and with the full knowledge of each of the other named Defendants.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.    In or around January 2005 Plaintiff received as a gift a subscription to "Popular Science", a magazine published by BONNIER. Plaintiff allowed the subscription to expire and rejected all of the repeated subscription renewal offers BONNIER, the publisher of "Popular Science" magazine, sent to him.

8.    On or about January 1, 2007, Plaintiff received a letter from NCAC (hereinafter the "Notice") which alleged that NCAC was a collection agency attempting to collect a bonafide debt from Plaintiff on behalf of the publisher BONNIER.

COMPLAINT FOR DAMAGES

- 2 -

9.    The Notice indicated that Plaintiff had ordered "Popular Science" magazine, received various issues, and had never paid for those magazines despite having been sent several invoices from the publisher.

10.    The Notice stated that the publisher had "turned the account over" to NCAC for collection.  The Notice included a section informing Plaintiff that the letter was an attempt to collect a debt and that he had thirty days to dispute the debt before it would be considered valid.

11.    Plaintiff, an exceptionally conscientious manager of his family's financial affairs, and keenly aware of the effect of negative credit references, was immediately concerned that his credit score had already been and/or would be impacted by the failure to pay debts he owed.

12.    Plaintiff tried, in vain, to locate records indicating that he was in fact liable for any debt due to NCAC and/or BONNIER.  His records indicated the contrary–that Plaintiff did not in fact owe any debt to BONNIER or NCAC.

13.    Plaintiff called the phone number of NCAC listed on the debt collection Notice.  After navigating an automated directory system, Plaintiff was finally able to select an option indicating that he had never subscribed to the magazine.  The message then informed him that his account had been rectified, no amount was owing, and NCAC does not in fact report to credit agencies.

14.    Plaintiff never owed any debt to NCAC and/or BONNIER, nor had he received any magazines for which he had not paid; rather, the Notice was a creative, unscrupulous and deceptive attempt to fraudulently compel and induce Plaintiff to re-subscribe to a magazine.

15.    Plaintiff is informed and believes, and thereon alleges, that NCAC was acting at all times at the direction of and with the knowledge of BONNIER.

16.    Defendants' intentional, malicious and reckless actions caused Plaintiff embarrassment, mental anguish, emotional distress and other damages.

# FIRST CAUSE OF ACTION
## (Violation Of The Federal Fair Debt Collections Practice Act–15 U.S.C. § 1692, *et seq.*)
### (Against NCAC and BONNIER)

17.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

18.    This action is brought under the Federal Fair Debt Collections Practices Act (15 United States Code § 1692, *et seq.*) (the "Federal Act").  This Court has jurisdiction over this action under 15 United States Code § 1692(k) of the Federal Act.

19.    Defendants are regularly engaged in the collection of consumer debts and both constitute debt collectors as defined by the Federal Fair Debt Collections Practice Act.

20.    Defendants violated the Federal Act in several ways, including, by way of example:

　　a.    Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

　　b.    Using false, deceptive and/or misleading representations or means to collect a debt in violation of *15 USC §§ 1692e, 1692(e)(10)*;

　　c.    Failing to validate the debt allegedly owed by Plaintiff;

　　d.    Impliedly threatening to take actions which are unlawful and/or not intended to be taken, in violation of *15 USC §1692e(5)*;

　　e.    Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

　　f.    Falsely and intentionally misrepresenting the character, amount or legal status of the debt in violation of *15 USC § 1692e(2)(A)*.

21.    As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
### (Violation of California Rosenthal Fair Debt Collection Practices Act–California Civil Code §§ 1788, *et seq*)
### (Against NCAC and BONNIER)

22.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

23.    This action is brought under the California Rosenthal Fair Debt Collections Practices Act (California Civil Code §§ 1788, *et seq*) ("State Act").  This Court has jurisdiction over this action under the State Act.

24.    Defendants are debt collectors regularly engaged in the practice of collecting consumer debts on behalf of themselves or others.

25.    Defendants violated the State Act in multiple ways including, by way of example:

    a.    Intentionally and recklessly utilizing unfair and oppressive actions to collect on a debt from a person not responsible for the debt;

    b.    Using false, deceptive and/or misleading representations or means to collect a debt in violation of *Cal. Civ. Code § 1788.17*;

    c.    Failing to validate the debt allegedly owed by Plaintiff;

    d.    Impliedly threatening to take actions which are unlawful and/or no intended to be taken, in violation of *Cal. Civ. Code § 1788.17*;

    e.    Attempting to collect an amount not due and/or in excess of what was actually owed and falsely asserting that the debt had matured and/or was immediately due and payable;

    f.    Falsely and intentionally misrepresenting the character, amount or legal status of a debt in violation of *Cal. Civ. Code § 1788.17*.

26.    As a direct and proximate result of the intentional, willful and reckless conduct of defendants, plaintiff suffered actual damages consisting of attorney's fees, costs of litigation, emotional distress and other damages in an amount subject to proof at trial

### THIRD CAUSE OF ACTION
(Fraud)
### (Against BONNIER and NCAC)

27.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

28.    BONNIER and NCAC, and each of them, participated in a fraudulent scheme designed to compel Plaintiff to remit funds to NCAC.

29.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

    a.    That Plaintiff had placed an order for a magazine with BONNIER;

    b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

    c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

    d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

    e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

30.    Each material representation was in fact false and BONNIER and its agent NCAC knew at all relevant times that the representations were false.  The true facts were that:

    a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

    b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

    c.    That Plaintiff did not owe any valid debt to BONNIER;

    d.    That there was no valid debt for BONNIER to assign to NCAC;

e.    That Plaintiff was not a debtor entitled to the protection of the Fair
Debt Collection Practices Act;

31.    BONNIER's agent NCAC made the false representations to Plaintiff with
the intent that he feel unease, anxiety, apprehension, disquiet and concern over his
credit score and the damage which would result from his failure to respond to the
Notice.

32.    Plaintiff did in fact reasonably and justifiably feel unease, anxiety,
apprehension, disquiet and concern over the contents of the Notice which is the subject
of this lawsuit.

33.    By reason of BONNIER and/or NCAC's wrongful and fraudulent conduct,
Plaintiff has been injured and is entitled to recover all special and general damages
caused thereby, subject to proof at trial.

34.    Defendants' acts were done fraudulently, willfully, maliciously,
oppressively and in conscious disregard of Plaintiff's rights as defined under *California
Civil Code § 3294*.  By reason thereof, Plaintiff is entitled to an award of punitive
damages against Defendants in a sum to be determined at trial according to proof.

### FOURTH CAUSE OF ACTION
### (Conspiracy to Commit Fraud)
### (Against NCAC and BONNIER)

35.    Plaintiff realleges and incorporates herein by reference each and every
allegation contained above as though fully set forth herein at length.

36.    Defendants and each of them agreed amongst themselves to tortiously
and fraudulently misrepresent to Plaintiff that he was indebted to Defendants as
detailed above.  The fraudulent scheme was designed to coerce Plaintiff into remitting
funds to Defendants, funds in which Defendants had no legal right and/or interest.

37.    Specifically, NCAC, working as agent of, on behalf of, at the direction of and for the benefit of BONNIER, intentionally misrepresented the following material facts:

      a.    That Plaintiff had placed an order for a magazine with BONNIER;

      b.    That Plaintiff had received magazines under the terms of a subscription with BONNIER;

      c.    That as a result of Plaintiff having disregarded invoices from BONNIER he was indebted to BONNIER for a certain sum;

      d.    That Plaintiff owed a valid debt to BONNIER which had been assigned to NCAC for collection;

      e.    That Plaintiff, as a result of being a debtor, had rights under the Fair Debt Collection Practices Act;

38.    Each material representation was in fact false and BONNIER and NCAC knew at all relevant times that the representations were false.  The true facts were that:

      a.    That Plaintiff never placed a subscription with BONNIER as alleged in Notice;

      b.    That Plaintiff never received magazines from BONNIER under a subscription he placed with BONNIER;

      c.    That Plaintiff did not owe any valid debt to BONNIER;

      d.    That there was no valid debt for BONNIER to assign to NCAC;

      e.    That Plaintiff was not a debtor entitled to the protection of the Fair Debt Collection Practices Act;

39.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

40.    Plaintiff did in fact reasonably and justifiably feel unease, anxiety, apprehension, disquiet and concern over the contents of the Notice which is the subject of this lawsuit.

41.    Each of the actions taken by NCAC was accepted and ratified by BONNIER, or was done with the express knowledge and consent of BONNIER.

42.    Defendants, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

43.    Plaintiff alleges on information and belief that Defendant BONNIER furthered the conspiracy by encouraging, ratifying and adopting the acts of NCAC in that BONNIER offered and agreed to compensate NCAC for any funds it fraudulently compelled Plaintiff to remit to NCAC.

44.    Plaintiff is informed and believes, and thereon alleges, that the last overt act in furtherance of the above-alleged conspiracy occurred on or about December 21, 2007, on which date NCAC posted the Notice to Plaintiff.

45.    As a proximate result of the wrongful acts herein alleged, Plaintiff has been injured and is entitled to recover all special and general damages caused thereby, subject to proof at trial.

46.    In doing the things herein alleged, Defendants acted with malice, oppression, fraud and/or in conscious disregard of Plaintiff's rights as definded under *California Civil Code § 3294.*  By reason thereof, Plaintiff is entitled to an award of punitive damages against Defendants in a sum to be determined at trial according to proof.


### FIFTH CAUSE OF ACTION
**(Negligent Misrepresentation)**
**(Against NCAC)**

47.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

1      48.     BONNIER and NCAC, and each of them, participated in a fraudulent

2  scheme designed to compel Plaintiff to remit funds to NCAC.

3      49.     Specifically, NCAC, working as agent of, on behalf of, at the direction of

4  and for the benefit of BONNIER, falsely represented the following material facts to

5  Plaintiff:

6           a.     That Plaintiff had placed an order for a magazine with BONNIER;

7           b.     That Plaintiff had received magazines under the terms of a

8                   subscription with BONNIER;

9           c.     That as a result of Plaintiff having disregarded invoices from

10                  BONNIER he was indebted to BONNIER for a certain sum;

11           d.     That Plaintiff owed a valid debt to BONNIER which had been

12                  assigned to NCAC for collection;

13           e.     That Plaintiff, as a result of being a debtor, had rights under the

14                  Fair Debt Collection Practices Act;

15      50.     The representations made by NCAC were in fact false.  The true facts

16  were that:

17           a.     That Plaintiff never placed a subscription with BONNIER as alleged

18                  in Notice;

19            b.     That Plaintiff never received magazines from BONNIER under a

20                  subscription he placed with BONNIER;

21            c.     That Plaintiff did not owe any valid debt to BONNIER;

22            d.     That there was no valid debt for BONNIER to assign to NCAC;

23            e.     That Plaintiff was not a debtor entitled to the protection of the Fair

24                  Debt Collection Practices Act;

25      51.     Defendants made these representations with no reasonable ground for

26  believing them to be true in that Defendants knew or through the exercise of reasonable

27  diligence should have known that at all relevant times the representations were false.

28

52.    BONNIER and/or NCAC made the false representations to Plaintiff with the intent that he feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

53.    Plaintiff did in fact feel unease, anxiety, apprehension, disquiet and concern over his credit score and the damage which would result from his failure to respond to the Notice.

54.    By reason of Defendants' fraud and wrongful conduct, Plaintiff if entitled to recover all special and general damages caused thereby, subject to proof at trial.

### SIXTH CAUSE OF ACTION
**(Unfair Business Practices: *B&PC §17200*)**
**(Against NCAC and BONNIER)**

55.    Plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein at length.

56.    Plaintiff is informed and believes and thereon alleges that on or about December 21, 2007, in connection with their businesses as a debt collection agency and a magazine publisher, NCAC and BONNIER, respectively, engaged in unlawful, unfair and fraudulent business practices, consisting substantially of the following:

a.    Wrongfully claiming that Plaintiff had subscribed to Defendant BONNIER's magazine;

b.    Wrongfully claiming that Plaintiff had received magazines from Defendant BONNIER;

c.    Wrongfully claiming that Plaintiff had received several valid invoices from Defendant BONNIER;

d.    Wrongfully claiming that Plaintiff owed a valid debt to Defendant BONNIER;

1             e.    Wrongfully suggesting that Plaintiff owed a valid debt to BONNIER,

2                   which debt comprised an account which was turned over to NCAC

3                   for collection;

4             f.    Wrongfully implying that if Plaintiff did not remit money to

5                   Defendants his credit score would be negatively affected;

6             g.    Wrongfully implying that Plaintiff was entitled to rights afforded

7                   under federal law to protect bonafide debtors;

8             h.    Wrongfully implying that Plaintiff was entitled to rights afforded

9                   under California state law to protect bonafide debtors.

10      57.    Plaintiff is an interested person within the meaning of §17204 of the

11  California Business and Professions Code, because he is a victim of defendants'

12  unlawful and unfair business practices by reason of the facts alleged above.

13      58.    Defendants' wrongful conduct, as herein alleged, is a common practice

14  that affect numerous California consumers.

15      59.    Unrestrained, defendant will continue to engage in unfair and unlawful

16  business practices.

17      60.    Defendants NCAC and BONNIER should be ordered under §18203 of the

18  California Business and Professions Code to make restitution to plaintiff of any and all

19  money wrongfully obtained from plaintiff and those similarly situated, and reimburse

20  Plaintiff for his attorney's fees incurred in prosecuting the case.

21      61.    Plaintiff is without an adequate remedy at law and will suffer irreparable

22  damage if Defendants are not enjoined from pursuing this unlawful practice.

23

24                     **SEVENTH CAUSE OF ACTION**

25            **(Intentional Infliction of Emotional Distress)**
                     **(Against NCAC and BONNIER)**

26      62.    Plaintiff realleges and incorporates herein by reference each and every

27  allegation contained above as though fully set forth herein at length.

28

63. On or about December 21, 2007, Defendant NCAC sent the Notice to Plaintiff, as hereinabove alleged, stating that Plaintiff had ordered a magazine from BONNIER; received those magazines; failed to pay the invoices for the magazines; and was then owing a valid debt to NCAC and BONNIER.

64. The Notice implied that Plaintiff's credit score would be negatively affected if Plaintiff failed to remit funds to Defendants. This outrageous conduct was intended to profit by way of the commonly held concern over the importance of strong credit and the detriment which results from poor credit. This conduct was beyond the reasonable bounds of decency.

65. Defendants' outrageous and malicious conduct was done with the intention of causing, or with reckless disregard of the probability of causing, Plaintiff to suffer humiliation, mental anguish, physical distress and emotional distress. Defendant BONNIER's conduct in confirming and ratifying that conduct was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

66. As an actual and proximate result of the aforementioned acts, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to Plaintiff's damage.

67. The aforementioned acts of Defendants were unprivileged, willful, wanton, malicious and oppressive, and thereby justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For economic damages according to proof;

2. For compensatory damages according to proof;

3. For general damages according to proof;

4. For punitive damages on the third and fourth causes of action;

5.     Restitution of illegally gained profits pursuant to Cal. Bus. & Prof. Code §17200 et seq.;

6.     For reasonable attorney's fees according to proof;

7.     Prejudgment interest according to proof;

8.     For costs of suit incurred; and

9.     For such other and further relief as the Court deems necessary and proper.

Dated: _2-25_, 2008         SPECKMAN & ASSOCIATES

By:_____
DAVID L. SPECKMAN, ESQ.
Attorney for Plaintiff DAVID G. RICHARDS

DATE: AUG 0 6 2008
Attest: A true copy,
Clerk of the Superior Court
By_____ Deputy
     J. Krigbaum

COMPLAINT FOR DAMAGES

- 14 -

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Ave.
Suite 301
San Diego, CA 92101

TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196
ATTORNEY FOR *(Name):* David G. Richards

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME: RICHARDS v. NATIONAL CREDIT AUDIT, et al.

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter [ ] Joinder | 37-2008-00082557-CU-BT-CTL |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Seven (See attachment)

5. This case [ ] is [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2-25-08

David L. Speckman, Esq. SBN 178180
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

| PETITIONER/PLAINTIFF:  DAVID G. RICHARDS | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT:  NATIONAL CREDIT AUDIT, BONNIER CORPOR | |

## Attachment to Civil Case Cover Sheet re Causes of Action

1) Violation of Federal Fair Debt Collection Practices Act;
2) Violation of California Rosenthal Fair Debt Collection Practices Act;
3) Fraud;
4) Conspiracy to Commit Fraud;
5) Negligent Misrepresentation;
6) Unfair Business Practices-B&PC §17200; and
7) Intentional Infliction of Emotional Distress

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL CREDIT AUDIT CORPORATION, an Illinois
corporation; BONNIER CORPORATION, a Florida
corporation; and DOES 1 through 50, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 APR 23 P 2: 20

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID G. RICHARDS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>330 WEST BROADWAY<br><br>SAN DIEGO, CA 92101<br>CENTRAL DIVISION | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00082557-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Speckman, Esq. SBN 178180          619-696-5151    619-696-5196
SPECKMAN & ASSOCIATES
835 Fifth Ave., Suite 301
San Diego, CA 92101

DATE: **4-23-08**          Clerk, by _Kathy Bailey_, Deputy
*(Fecha)*                 *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state b. .nber, and address)*: | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR *(Name)*:   David G. Richards | F I L E D<br>Clerk of the Superior Court<br>JUL 2 3 2008<br>By: M. SPIESMAN, Deputy<br><br>JUL 23 '08 PM 3:47 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| [X] | HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 |
|---|---|
| [ ] | MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105 |
| [ ] | NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 |
| [ ] | EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 |
| [ ] | RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 |
| [ ] | SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 |

| PLAINTIFF(S)/PETITIONER(S)   DAVID G. RICHARDS | [X] I/C JUDGE John S. Meyer |
|---|---|
| DEFENDANT(S)/RESPONDENT(S)  NATIONAL CREDIT AUDIT, BONNIER CORPORATION | [ ] MASTER CALENDAR<br>DEPT  61 |
| **CERTIFICATE OF:**<br>**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**<br>**(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;**<br>**Division IV rules 4.169 & 4.170)** | CASE NUMBER<br>37-2008-82557-CU |

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: *(CHECK ONE BOX)*

3C1 [X]  Plaintiff has been unable to serve the complaint on defendant(s) National Credit Audit Corporation and Bonnier Corporation were
    served. Waiting on original proofs of service to file with Certificate of Service. *(May list more than one defendant)*

3C1 [ ]  Plaintiff requests stay under claim for uninsured/underinsured as to: _____
    *(ALL or list individual(s))*

3C5 [ ]  Defendant was served on _____ , and is unable to answer or otherwise respond.

3C8 [ ]  Plaintiff served defendant on _____ , but was unable to request entry of default.

Therefore, it is requested that the time be extended until August 6, 2008 _____ for filing of a(n):

[X]  CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ]  ANSWER OR OTHER DEFENDANT APPEARANCE

[ ]  REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s):  Plaintiff served Defendant National Credit Audit Corporation on 7/1/2008 and has received the original proof of service (a true and correct copy of which is attached hereto) from the Process Server. Plaintiff served Defendant Bonnier Corporation on 7/11/2008. However, plaintiff has not received the original proof of service from the Process Server (a true and correct copy of which is attached hereto). Plaintiff respectfully requests an additional 2 week extension in and including August 6, 2008 to file the Certificates of Service with the *original* proofs of service for both defendants.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated:  7/22/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

---

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: ___ AUG 1 5 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____

[ ] INSUFFICIENT REASON FOR DELAY OF CASE.

[ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED:  JUL 2 4 2008

JUDGE OF THE SUPERIOR COURT B. MEYER
JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION:  After Court's decision, you must serve a copy of this certificate on all counsel concerned.

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**  ORIGINAL  SD-144

ClientCaseID:   TERRI          21283          CaseReturnDate:   7/1/08

JUL 23 '08 PM 3:47

Affidavit of  A PRIVATE INVESTIGATOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

Case Number **37200882557 CU**

I, JOHN J PENNELL

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED AGENT OF THE ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY  ACT LICENSE NUMBER #117-000697

## CORPORATE SERVICE

THAT I SERVED THE WITHIN   DOCUMENTS AS LISTED HEREIN
ON THE WITHIN NAMED  DEFENDANT  NATIONAL CREDIT AUDIT CORPORATION
PERSON SERVED **DEANNA DILLION, REG AGNT**
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON **7/1/08**

DOCUMENTS SERVED: SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, NOTICE OF CASE ASSIGNMENT AND STIPULATION TO USEOF ALTERNATIVE DISPUTE RESOLUTION PROCESS & NOTICE TO LITIGANTS/ADR PACKAGE.

That the sex, race and approximate age of the whom I left the   DOCUMENTS AS LISTED HEREIN
are as follow:

**Sex**  FEMALE  **Race**  WHITE          **Age**  50      **Height**  506          **Build**  MEDIUM          **Hair**  BRN

LOCATION OF SERVICE   **801   ADLAI STEVENSON DRIVE**
                       **SPRINGFIELD, IL, 62703**

Date Of Service    7/1/08             Time of Service    **12:59 PM**

JOHN J PENNELL                            7/3/2008

**A PRIVATE INVESTIGATOR**

P.E.R.C. #129-205690

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CASE NUMBER 37-2008-82557-CU

JUL 23 '08 PM 3:47

DAVID G. RICHARDS,
      Plaintiff

v.

NATIONAL CREDIT AUDIT CORPORATION,
An Illinois corporation; BONNIER CORPORATION,
A Florida corporation; and DOES 1 through 50, inclusive

## AFFIDAVIT OF SERVICE

THE STATE OF FLORIDA

Now comes Sid Lalande, a resident of Orange County, who states and deposes as follows:

1. Affiant is not a party to nor interested in the outcome of the above case and is over the age of 18 years.
2. Affiant received the attached **Summons with attached complaint** on July 2, 2008 to be served on **Bonnier Corporation** c/o Jeremy Thompson, Esq.
3. Affiant personally served same at **460 N. Orlando Ave., Ste. 200 in Winter Park, Florida** on **July 11, 2008** at **12:05 P.M.** by the following method:

**_X__Other:** By delivering a true copy of this process, with any attachments provided, to Rene Robertson, Receptionist as designated to accept service on behalf of Bonnier Corporation c/o Jeremy Thompson, Esq.

Service on the receptionist was only made after 3 attempts at least 6 hours apart were made to serve Jeremy Thompson, Esq. individually.

Service Fee: $____

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

7.16.08
Date

Sid Lalande, "SPS" I.D. 1232
A.C.E.
102 NE 2nd St., PMB 147
Boca Raton, FL 33432
561-447-7639

The foregoing instrument was acknowledged before me this 16th day of July, 2008 by Sid Lalande who is personally known to me and who did not take an oath.

Notary Public

DAVID M. CHASE
MY COMMISSION # DD 416142
EXPIRES: October 24, 2009
Bonded Thru Notary Public Underwriters

Commission #:
Commission Expires:

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:     330 W Broadway | |
| MAILING ADDRESS:    330 W Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101-3827 | |
| BRANCH NAME:        Central | |
| TELEPHONE NUMBER: | |

PLAINTIFF(S) / PETITIONER(S):     David G. Richards

DEFENDANT(S) / RESPONDENT(S):  National Credit Audit Corporation, An Illinois Corporation et.al.

RICHARDS VS. NATIONAL CREDIT AUDIT CORPORATION, AN ILLINOIS CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00082557-CU-BT-CTL |
|---|---|

Judge: *John Meyer*                                      Department: *C-41*

**COMPLAINT/PETITION FILED:** 04/26/2008

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David L. Speckman, Esq. SBN 178180<br>SPECKMAN & ASSOCIATES<br>835 Fifth Ave.<br>Suite 301<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-696-5151    FAX NO.: 619-696-5196<br>ATTORNEY FOR (Name): David G. Richards | F I L E D<br>Clerk of the Superior Court<br><br>JUN 2 3 2008<br><br>By: M. SPIESMAN, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| [X] | HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 |
|---|---|
| [ ] | MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105 |
| [ ] | NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 |
| [ ] | EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 |
| [ ] | RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 |
| [ ] | SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 |

| | |
|---|---|
| PLAINTIFF(S)/PETITIONER(S)  DAVID G. RICHARDS | [X] I/C JUDGE John S. Meyer |
| DEFENDANT(S)/RESPONDENT(S) NATIONAL CREDIT AUDIT, BONNIER CORPORATION | [ ] MASTER CALENDAR<br>DEPT 61 |
| **CERTIFICATE OF:**<br>**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**<br>(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;<br>Division IV rules 4.169 & 4.170) | CASE NUMBER<br>37-2008-82557-CU |

**MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.**

The [X] plaintiff(s) [ ] defendant(s) in the above-entitled case, by and through their attorney(s) David L. Speckman, Esq. SBN 178180 _____ certify that: **(CHECK ONE BOX)**

3C1 [X] Plaintiff has been unable to serve the complaint on defendant(s) _____
(May list more than one defendant)

3C1 [ ] Plaintiff requests stay under claim for uninsured/underinsured as to: _____
(ALL or list individual(s))

3C5 [ ] Defendant was served on _____ , and is unable to answer or otherwise respond.

3C8 [ ] Plaintiff served defendant on _____ , but was unable to request entry of default.

Therefore, it is requested that the time be extended until July 23, 2008 _____ for filing of a(n):

[X] CERTIFICATE OF SERVICE (SDSC CIV-345)

[ ] ANSWER OR OTHER DEFENDANT APPEARANCE

[ ] REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): Difficulty locating address for service — address has now been located and Complaint/Summons sent out for Service

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Dated: 6/23/2008 _____

SIGNATURE OF ATTORNEY(S)
David L. Speckman, Esq. SBN 178180

---

**FOR COURT USE ONLY**

[X] EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: JUL 2 3 2008

[ ] EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____

[ ] INSUFFICIENT REASON FOR DELAY OF CASE.

[ ] OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: JUN 2 4 2008 _____

JUDGE OF THE SUPERIOR COURT JOHN S. MEYER

[ ] NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**

SDSC CIV-144(Rev. 4-04)    SD-144