1  Megan L. Wagner, Esq. (California Bar No. 130752)
   *megan@kohutlaw.com*
2  Sarah K. Kohut, Esq. (California Bar No. 197655)
   *sarah@kohutlaw.com*
3  KOHUT & KOHUT LLP
   600 Anton Blvd., Suite 1075
4  Costa Mesa, California 92626
   Telephone: (714) 384-4130; Facsimile: (714) 384-4131
5
   Christopher Paolini, Esq. (Florida Bar No. 669199)
6  *cpaolini@carltonfields.com*
   (admission pro hac vice pending)
7  CARLTON FIELDS, P.A.
   CNL Center at City Commons
8  450 S. Orange Avenue, Suite 500
   Orlando, Florida 32801-3336
9  Telephone: (407) 849-0300; Facsimile: (407) 648-9099

10 Attorneys for Defendant
   BONNIER CORPORATION
11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14 DAVID G. RICHARDS,                    )  Case No. 08 CV 1436 JAH LSP
                                          )  Hon. John A. Houston
15           Plaintiff,                   )  Courtroom 11
                                          )
16     v.                                 )
                                          )  **NOTICE OF MOTION AND**
17                                        )  **MOTION TO DISMISS THE**
   NATIONAL CREDIT AUDIT CORPORATION, an  )  **FIRST AND SECOND CAUSES**
18 Illinois Corporation; BONNIER CORPORATION, a )  **OF ACTION AGAINST**
   Florida Corporation; and DOES 1 through 50, inclusive, )  **BONNIER CORPORATION,**
19                                        )  **WITHOUT LEAVE TO**
           Defendants.                    )  **AMEND, THE FOURTH,**
20                                        )  **SIXTH, AND SEVENTH**
                                          )  **CAUSES OF ACTION**
21                                        )  **WITHOUT LEAVE TO AMEND**
                                          )  **AND THE ENTIRE**
22                                        )  **COMPLAINT**
                                          )
23                                        )  **[Memorandum of Points and**
                                          )  **Authorities and Proposed Order**
24                                        )  **Filed Concurrently]**
                                          )
25                                        )  Date: September 22, 2008
                                          )  Time: 2:30 p.m.
26 _____)  Courtroom: 11

27

28

                            1

1  TO PLAINTIFF DAVID G. RICHARDS AND HIS ATTORNEYS OF RECORD IN THIS

2  ACTION:

3  PLEASE TAKE NOTICE that on September 22, 2008 at 2:30 p.m., or as soon thereafter

4  as this matter may be heard, in Courtroom 11 of the United States District Court for the Southern

5  District of California, located at 940 Front Street, San Diego, California 92101, the Honorable

6  John A. Houston presiding, Defendant Bonnier Corporation ("Bonnier") will and does hereby

7  move this Court for an Order Dismissing the First and Second Causes of Action asserted by

8  plaintiff David G. Richards ("plaintiff") against Bonnier, without leave to amend; the Third,

9  Fourth, Sixth and Seventh Causes of Action, in full, without leave to amend; and the entire

10 complaint for failure to meet the pleading requirements mandated by Federal Rule of Civil

11 Procedure 8.

12  This Motion will be made on the grounds that (1) the First Cause of Action for "Violation

13 of the Federal Fair Debt Collections Practice Act – 15 U.S.C. § 1692, *et seq.*" fails to state a

14 claim against Bonnier because Bonnier is not a "debt collector" as defined by 15 U.S.C. §

15 1692a(6),  and thus, is not subject to the Federal Fair Debt Collection Practices Act; (2) the

16 Second Cause of Action for "Violation of California Rosenthal Fair Debt Collection Practices

17 Act – California Civil Code §§ 1788, *et seq.*" fails to state a claim against Bonnier because the

18 facts alleged by plaintiff establish that Bonnier is not a "debt collector" as defined by California

19 Civil Code § 1788.2 and thus, is not subject to the Rosenthal Act; (3) the Third Cause of Action

20 for "Fraud" and the Fourth Cause of Action for "Conspiracy to Commit Fraud," against Bonnier

21 each fails to state a claim because plaintiff did not and cannot allege justifiable reliance or

22 pecuniary damages; (4) plaintiff lacks standing to sue under the Sixth Cause of Action for

23 "Unfair Competition (§17200)"; (5) the Seventh Cause of Action for "Intentional Infliction of

24 Emotional Distress" fails to state a claim because it fails to allege extreme and outrageous

25 conduct; and (6) the entire complaint should be dismissed because plaintiff's "shotgun" style

26 pleading fails to set forth a short and plain statement of facts that identify the plaintiff's grounds

27 for relief and fails to provide Bonnier with proper notice of the claims against it.

28

This Motion shall be based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the pleadings and records on file herein and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: August 12, 2008                    KOHUT & KOHUT LLP


                                          By: s/  Megan L. Wagner
                                              Megan L. Wagner, Esq.
                                              California Bar No. 130752
                                              Sarah K. Kohut, Esq.
                                              California Bar No. 197655
                                              KOHUT & KOHUT, LLP
                                              600 Anton Blvd., Suite 1075
                                              Costa Mesa, California 92626
                                              Telephone: (714) 384-4130
                                              Facsimile:  (714) 384-4131
                                              Email:     megan@kohutlaw.com
                                                         sarah@kohutlaw.com

                                              Christopher Paolini, Esq.
                                              Florida Bar Number 669199
                                              (admission *pro hac vice* pending)
                                              CARLTON FIELDS, P.A.
                                              CNL Center at City Commons
                                              450 S. Orange Avenue, Suite 500
                                              Orlando, Florida  32801-3336
                                              Telephone: (407) 849-0300
                                              Facsimile:  (407) 648-9099
                                              Email:     cpaolini@carltonfields.com

                                              *Attorneys for Defendant Bonnier Corporation*

2

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 12th day of August, 2008 the undersigned caused the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION AGAINST BONNIER CORPORATION, WITHOUT LEAVE TO AMEND, THE FOURTH, SIXTH, AND SEVENTH CAUSES OF ACTION WITHOUT LEAVE TO AMEND AND THE ENTIRE COMPLAINT** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Plaintiff and Defendant.

**Attorney for Plaintiff David G. Richards**
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Facsimile No.: (619) 696-5151

**Attorney for Defendant National Credit Audit Corporation**
James W. Poindexter, Esq. SBN 95966
Poindexter & Doutre, Inc.
214 Grant Ave., Suite 400
San Francisco, CA 94108
Facsimile No.: (415) 398-5808

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at Costa Mesa, California.

s/ Megan L. Wagner
Megan L. Wagner

1  Megan L. Wagner, Esq. (California Bar No. 130752)
   *megan@kohutlaw.com*
2  Sarah K. Kohut, Esq. (California Bar No. 197655)
   *sarah@kohutlaw.com*
3  KOHUT & KOHUT LLP
   600 Anton Blvd., Suite 1075
4  Costa Mesa, California  92626
   Telephone: (714) 384-4130; Facsimile:   (714) 384-4131
5
   Christopher Paolini, Esq. (Florida Bar No. 669199)
6  *cpaolini@carltonfields.com*
   (admission pro hac vice pending)
7  CARLTON FIELDS, P.A.
   CNL Center at City Commons
8  450 S. Orange Avenue, Suite 500
   Orlando, Florida  32801-3336
9  Telephone: (407) 849-0300; Facsimile: (407) 648-9099

10 Attorneys for Defendant
   BONNIER CORPORATION

11

12                    UNITED STATES DISTRICT COURT

13                 SOUTHERN DISTRICT OF CALIFORNIA

14 DAVID G. RICHARDS,                    )  Case No. 08 CV 1436 JAH LSP
                                         )  Hon.  John A. Houston
15            Plaintiff,                 )  Courtroom 11
                                         )
16    v.                                 )  **BONNIER CORPORATION'S**
                                         )  **MEMORANDUM OF POINTS**
17                                       )  **AND AUTHORITIES IN**
   NATIONAL CREDIT AUDIT CORPORATION, an )  **SUPPORT OF MOTION TO**
18 Illinois Corporation; BONNIER CORPORATION, a )  **DISMISS THE FIRST,**
   Florida Corporation; and DOES 1 through 50, inclusive, )  **SECOND, FOURTH, SIXTH,**
19                                       )  **AND SEVENTH CAUSES OF**
                                         )  **ACTION WITHOUT LEAVE**
20            Defendants.                )  **TO AMEND, AND THE**
                                         )  **ENTIRE COMPLAINT**
21                                       )
                                         )  **[Notice of Motion and Motion**
22                                       )  **and Proposed Order filed**
                                         )  **Concurrently]**
23                                       )
                                         )  Date:  September 22, 2008
24                                       )  Time: 2:30 p.m.
                                         )  Courtroom: 11
25                                       )
                                         )
26                                       )
                                         )
27 _____)

28

                                  1

CASE NO. 08 CV 1436 JAH LSP:  BONNIER CORPORATION'S MEMORANDUM OF POINTS
        AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION AND ISSUES  TO BE DECIDED.........................................1

II.     FACTUAL BACKGROUND ......................................................................2

III.    ARGUMENT ............................................................................................2

        A.    The Legal Standard .......................................................................2

        B.    Plaintiff's First Cause Of Action Against Bonnier Fails Because Bonnier
              Is Not A Debt Collector Under the FDCPA .........................................3

        C.    Plaintiff's Second Cause Of Action Fails To State A Claim Because Plaintiff's
              Factual Allegations Contradict His Conclusory Statement That
              Bonnier Is a "Debt Collector" Under The Rosenthal Fair Debt Collection
              Practices Act .................................................................................7

        D.    The Third And Fourth Causes Of Action Fail Because Plaintiff Fails To
              Allege Justifiable Reliance or Resulting Pecuniary Damage ...................8

              1.    Plaintiff Did Not Justifiably Rely On The Alleged
                    Misrepresentations .................................................................9

              2.    Plaintiff Did Not Suffer Any Pecuniary Damages And Therefore
                    Cannot State Claims Based Upon Deceit ....................................10

        E.    The Sixth Cause Of Action Fails Because Plaintiff Lacks Standing To Sue
              Under Section 17200 ......................................................................11

        F.    The Seventh Cause Of Action For Intentional Infliction Of Emotional Distress
              Fails Because Plaintiff Cannot Allege Outrageous Conduct ..................13

        G.    Plaintiff's Complaint Should Be Dismissed In Its Entirety As It Fails
              To Meet The Pleading Requirements Of Federal Rule of Civil
              Procedure 8 ....................................................................................14

III.    CONCLUSION......................................................................................16

i

# TABLE OF AUTHORITIES

## Federal Cases

*Azar v. Hayter,*
874 F. Supp. 1314 (N.D. Fla. 1995) ........................................................................ 5, 6

*Bell Atl. Corp. v. Twombley,*
127 S.Ct. 1955 (2007) ................................................................................................ 2

*Bleich v. Revenue Maximization Group, Inc.,*
239 F. Supp. 2d 262 (E.D.N.Y. 2002) ............................................................ 4, 5, 6, 7

*Buckman v. Am. Bankers Ins. Co. of Fla.,*
115 F.3d 892 (11th Cir. 1997) ...................................................................................3

*Byrne v. Nezhat,*
261 F.3d 1075 (11th Cir. 2001) .............................................................................. 15

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1996) ...................................................................................... 3

*Claussen v. Chase Manhattan VISA, Div. of Chase Manhattan Bank USA (N.A.),*
1989 WL 87996 (D. Kan. 1989) ........................................................................... 5, 6

*De La Cerra Frances v. De Anda,*
224 Fed. Appx. 637 (2007) ..................................................................................... 11

*DeLorean Motor Co.,*
991 F.2d 1236 (6th Cir. 1993) .................................................................................. 7

*Doherty v. Citibank (South Dakota) N.A.,*
375 F. Supp. 2d 158 (E.D.N.Y. 2005) ................................................................ 5, 6, 7

*Ileto v. Glock, Inc.,*
349 F.3d 1191(9th Cir. 2003) .................................................................................. 4

*Kempf v. Famous Barr Co.,*
676 F.Supp. 937 (E.D. Mo. 1988) ..................................................................... 5, 6, 7

*MacDermid v. Discover Fin. Servs.,*
488 F.3d 721 (6th Cir. 2007) ................................................................................ 4, 5

*Marketing Information Masters Inc. v. The Board of Trustees of the California
State University System,* 552 F. Supp. 2d 1088 (S.D. Cal. 2008).........................3, 8

*Montgomery v. Huntington Bank,*
346 F.3d 693 (6th Cir. 2003) ................................................................ 4, 5, 6, 7

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001) ................................................................ 2

*Pelletier v. Zweifel,*
921 F.2d 1465 (11th Cir.1991) ................................................................ 15

*Rasidescu v. Midland Credit Management Inc.,*
435 F. Supp. 2d 1090 (S.D. Cal. 2006)................................................ 3

*Savage v. Council on American-Islamic Relations, Inc.,*
2008 WL 2951281 (N.D Cal. 2008) ................................................ 15

*Scott v. Wells Fargo Home Mortg. Inc.,*
326 F. Supp. 2d 709 (E.D. Va. 2003) . ................................................ 5, 6

*Thompson v. Davis,*
295 F.3d 890 (9th Cir. 2002) ................................................................ 4, 5

*Transphase Sys. v. Southern Cal. Edison Co.,*
839 F. Supp. 711 (C.D. Cal. 1993) ................................................ 7, 8

*Vess v. Ciba-Geigy Corp.*
317 F.3d 1097 (9th Cir. 2003) ................................................................ 3

*Voris v. Resurgent Capital Servs. L.P,.*
494 F. Supp. 2d 1156 (S.D. Cal. 2007) ................................................ 3

*Wadlington v. Credit Acceptance Corp.,*
76 F.3d 103 (6th Cir.1996) ................................................................ 5

*Western Mining Council v. Watt,*
643 F.2d 618 (9th Cir. 1981) ................................................................ 4

State

*Applied Equip. Corp. v. Litton Saudi Arabia,*
7 Cal. 4th 503 (1994) ................................................................ 8

*Berkley v. Dowds,*
152 Cal. App. 4th 518 (2007) ................................................................ 13

*Branick v. Downey Savings and Loan Association,*
39 Cal. 4th 235 (2006) ................................................................ 12

*Buckland v. Threshold Enterprises, Ltd.,*
155 Cal. App.4th 798 (2007) ............................................................. 9, 10

*Bundren v. Superior Court,*
145 Cal. App. 3d 784 (1983) ........................................................... 13, 14

*Chi Title Ins. Co. v. Superior Court,*
174 Cal. App. 3d 1142 (1985) ............................................................ 9

*Christensen v. Sup. Court,*
54 Cal. 3d 868 (1991) ....................................................................... 13

*Hall v. Time Inc.,*
154 Cal. App. 4th 847(2008) ............................................................. 12

*Gold v. Los Angeles Democratic League,*
49 Cal. App. 3d 365 (1975) ........................................................... 10, 11

*Kruse v. Bank of Am.,*
202 Cal. App. 3d 38 (1988) ............................................................... 9

*Lazar v. Superior Court,*
12 Cal. 4th 631 (1996) ..................................................................... 8, 9

*Munson v. Fishburn,*
183 Cal. 206 (1920) ......................................................................... 11

*Permanente Medical Group, Inc.,*
15 Cal.4th 951 (1997) ....................................................................... 9

*R. D. Reeder Lathing Co. v. Cypress Ins. Co.,*
3 Cal. App. 3d 995 (1970) ................................................................ 11

*Schroeder v. Auto Driveaway Co.,*
11 Cal. 3d 908 (1974) ...................................................................... 11

*South Tahoe Gas Co. v. Hofmann Land Improv. Co.,*
25 Cal. App. 3d 750 (1972) ............................................................... 10

*Yu v. Signet Bank,*
69 Cal. App. 4th 1377 (1999) ........................................................ 13, 14

iv

**<u>Statutes</u>**

<u>Federal Statutes</u>
Federal Rule of Civil Procedure 8 ................................................................. 1, 2, 16
Federal Rule of Civil Procedure 9(b) .................................................................... 3
Federal Rule of Civil Procedure 12(b)(6) ..................................................... 1, 2, 3
15 U.S.C. § 1692 .......................................................................................... 1, 3
15 U.S.C. § 1692(a)(4) ...................................................................................... 4
15 U.S.C. § 1692(a)(5) ...................................................................................... 4
15 U.S.C. § 1692(a)(6) ...................................................................................... 4

<u>State Statutes</u>
California Business & Professions Code §17200 ......................................... 1, 11, 12
California Civil Code §1788............................................................................. 1, 7
California Civil Code §1788.2......................................................................... 7, 8

1                    **I.    INTRODUCTION AND ISSUES TO BE DECIDED**

2           Defendant Bonnier Corporation ("Bonnier") respectfully requests this Court to dismiss,

3    without leave to amend, the First and Second Causes of Action against Bonnier, and the Third,

4    Fourth, Sixth and Seventh Causes of Action asserted by plaintiff David G. Richards ("plaintiff"),

5    without leave to amend, under Federal Rule of Civil Procedure 12(b)(6), for "failure to state a

6    claim upon which relief can be granted." Bonnier also requests that this Court dismiss the entire

7    complaint for failure to meet the pleading requirements mandated by Federal Rule of Civil

8    Procedure 8.

9           Plaintiff's First Cause of Action for "Violation of the Federal Fair Debt Collections

10   Practice Act – 15 U.S.C. § 1692, *et seq.*" (the "FDCPA") must be dismissed against Bonnier,

11   without leave to amend, because Bonnier is not a "debt collector" as defined by 15 U.S.C. §

12   1692a(6) and thus, is not subject to liability under the FDCPA.

13          Likewise, the Second Cause of Action for "Violation of California Rosenthal Fair Debt

14   Collection Practices Act – California Civil Code §§ 1788, *et seq.*" fails to state a claim against

15   Bonnier and should be dismissed against Bonnier without leave to amend, because the facts

16   alleged by plaintiff establish that Bonnier is not a "debt collector" as defined by that act.

17          The Third and Fourth Causes of Action for "Fraud" and "Conspiracy to Commit Fraud"

18   must each be dismissed, without leave to amend, because plaintiff did not, and cannot, allege

19   justifiable reliance or damages, both of which are requisite elements of each of those causes of

20   action.

21          The Sixth Cause of Action for "Unfair Competition (§17200)" must be dismissed,

22   without leave to amend, because plaintiff lacks standing to sue under California Business &

23   Professions Code Section 17200, *et seq.* ("Section 17200") because plaintiff has not "lost money

24   or property as a result of" the complained of conduct.

25          The Seventh Cause of Action for "Intentional Infliction of Emotional Distress" fails to

26   state a claim because it fails to allege outrageous conduct.

27          Accordingly, Bonnier respectfully requests that this Court dismiss the First and Second

28   Causes of Action as to Bonnier and the Third, Fourth, Sixth and Seventh Causes of Action, in

1

1  full, all without leave to amend.  Independently, Bonnier respectfully requests that this Court

2  dismiss Plaintiff's Complaint in its entirety for failing to meet the pleading requirements of

3  Federal Rule of Civil Procedure 8.

## II.    FACTUAL BACKGROUND

5        In January, 2005, Plaintiff obtained a subscription to *Popular Science* magazine through

6  its publisher, Bonnier.  *See* Complaint, ¶ 7.  The gravamen of plaintiff's Complaint is that

7  defendants Bonnier and National Credit Audit Corporation ("NCAC") are liable to plaintiff

8  under various statutory and common law claims because NCAC sent a single collection letter[1] to

9  plaintiff in an attempt to collect a single debt on behalf of Bonnier.  Plaintiff contends that the

10  mailing of such letter was improper because the debt sought to be collected was not owed.

11  Complaint ¶¶ 7 and 12.  Plaintiff further admits that his account was "rectified" upon his dispute

12  of the amount owing.  Complaint ¶ 13.

## III.    ARGUMENT

14  **A.    The Legal Standard.**

15        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

16  of the complaint.  *Navarro v. Block*, 250 F.3d 729. 732 (9th Cir. 2001).  To survive a motion to

17  dismiss, a complaint must provide "a short and plain statement of the claim showing that the

18  pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and

19  the grounds upon which it rests." *Bell Atl. Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007).

20  Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to

21  provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and

22  a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-1965 (internal

23  citation omitted).  "Factual allegations must be enough to raise a right to relief above the

24  speculative level." *Id.* at 1965.  In this regard, "[T]he pleading must contain something

25  more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right

26

27

28
_____

[1] Plaintiff fails to attach to his Complaint a copy of the letter which gives rise to this lawsuit.

2

of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004).

> Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *See Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.
>
> In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

*Marketing Information Masters Inc. v. The Board of Trustees of the California State University System*, 552 F. Supp. 2d 1088, 1091-1092 (S.D. Cal. 2008). *See also Rasidescu v. Midland Credit Management Inc.*, 435 F. Supp. 2d 1090, 1094 (S.D. Cal. 2006).

Moreover, in cases like the one brought by Plaintiff, where fraud is alleged, Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-05 (9th Cir. 2003) (claims sounding "in fraud," must satisfy Rule 9(b) such that "the particulars of when, where, or how the alleged conspiracy occurred" must be sufficiently plead).

**B.    Plaintiff's First Cause Of Action Against Bonnier Fails Because Bonnier Is Not A Debt Collector Under The FDCPA.**

The FDCPA imposes liability solely on "debt collectors" who fail to comply with its provisions when collecting a "debt." 15 U.S.C. § 1692; *see also Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 894-95 (11th Cir. 1997); *Voris v. Resurgent Capital Servs., L.P.*, 494 F. Supp. 2d 1156, 1162 (S.D. Cal. 2007) ("The FDCPA prohibits false or deceptive practices in connection with the collection of debts."). Bonnier is not a "debt collector" under the FDCPA. Accordingly, the First Cause of Action fails to state a claim against Bonnier.

3

The FDCPA was enacted in 1977 "to eliminate abusive debt collection practices by **debt collectors**, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." (emphasis added) 15 U.S.C. § 1692(e).

Under Section 15 U.S.C. § 1692a(6), a "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another..." The term also includes the term includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

"The term 'debt collector' has a particular meaning, however: it refers only to persons attempting to collect debts due 'another.'" *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 (6th Cir. 2007).

Conversely, a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. 1692a(5).

The FDCPA regulates only "debt collectors" and does not provide a cause of action against creditors[2]. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (holding that a "debt collector" as contemplated by the FDCPA does not include a creditor of

---

[2]    The one exception to this general axiom exists where a creditor attempts to collect a debt owed to it but does so by using a name other than its own. *See* 15 U.S.C. § 1692a(6); *Bleich v. Revenue Maximization Group, Inc.*, 239 F. Supp. 2d 262, 264 (E.D.N.Y. 2002). This exception is inapplicable to the case before this Court because there is no allegation in plaintiff's Complaint that Bonnier used a false name in attempting to collect the debt.

4

1 | consumer and that creditors are not subject to FDCPA when collecting their accounts); *Azar v.*

2 | *Hayter*, 874 F. Supp. 1314 (N.D. Fla. 1995) (holding that a condominium association that filed

3 | suit against a condominium owner was not a debt collector under the FDCPA, inasmuch as the

4 | association, as a creditor, could not be a debt collector); *Scott v. Wells Fargo Home Mortg. Inc.*,

5 | 326 F. Supp. 2d 709 (E.D. Va. 2003) (Creditors, mortgagors, and mortgage servicing companies

6 | are not debt collectors and are statutorily exempt from liability under the FDCPA); *Kempf v.*

7 | *Famous Barr Co.*, 676 F.Supp. 937, 938 (E.D. Mo. 1988) ("The definition of "debt collector"

8 | [under the FDCPA] does not include a creditor collecting his own debts"); *Claussen v. Chase*

9 | *Manhattan VISA, Div. of Chase Manhattan Bank USA (N.A.)*, 1989 WL 87996 (D. Kan. 1989) (A

10 | creditor is not a debt collector for the purposes of the FDCPA, and creditors are not subject to the

11 | FDCPA when collecting their accounts; upholding the clear intent of Congress to distinguish

12 | between creditors and debt collectors under the FDCPA).

13 |      In *Bleich*, 239 F. Supp. 2d 262, a patient brought an action under the FDCPA against a

14 | hospital and a collection agency the hospital employed to collect on an alleged debt owed to it by

15 | the patient. *Id.* at 263. While the patient disputed the debt, claiming she had already paid it, the

16 | hospital referred the debt to the collection agency. *Id.* The collection agency then sent a letter to

17 | the patient which the patient claimed violated the terms of the FDCPA. *Id.* The court

18 | determined that no cause of action existed against the hospital under the FDCPA, holding "There

19 | is no question that the Hospital cannot be held liable as a bill collector. The Hospital attempted

20 | to collect its own debt and not, as required by the FDCPA, a debt owed to another." *Id.* at 264.

21 |      Moreover, courts interpreting the FDCPA have also consistently held that a creditor that

22 | is not a "debt collector" cannot be vicariously liable under the FDCPA for actions of debt

23 | collectors the creditor employs to collect its debts. *See Wadlington v. Credit Acceptance Corp.*,

24 | 76 F.3d 103, 107 (6th Cir.1996); *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158

25 | (E.D.N.Y. 2005); *Bleich*, 239 F. Supp. 2d at 263.

26 |      For purposes of this motion, this Court must accept as true the allegations in plaintiff's

27 | Complaint. *See Thompson*, 295 F.3d at 895. Plaintiff specifically alleges he received a

28 | subscription to *Popular Science* magazine from its publisher, Bonnier. *See* Complaint, ¶ 7.

5

  
1  Moreover, plaintiff alleges he received the collection letter at issue from defendant National

2  Credit Audit Corporation ("NCAC") and that it stated that NCAC was attempting to collect a

3  debt on behalf of Bonnier. *See* Complaint, ¶ 8. Plaintiff then summarily alleges, without

4  identifying the particular acts undertaken by each respective defendant, that:

5

6  > **Defendants** violated the [FDCPA] in several ways, including by way of
   > example:

7  > (a) intentionally and recklessly utilizing unfair and oppressive actions to
   > collect on a debt for a person not responsible for the debt; (b) using false,
   > deceptive and/or misleading representations or means to collect a debt in

8  > violation of [the FDCPA]; (c) failing to validate the debt; (d) impliedly

9  > threatening to take actions which are unlawful and/or not intended to be taken
   > in violation of [the FDCPA]; (e) attempting to collect on an amount not due

10  > and/or in excess of what was actually owed and falsely asserting that the debt
    > had matured and/or was immediately due and payable; and (f) falsely and

11  > intentionally misrepresenting the character, amount or legal status of the debt

12  > in violation of [the FDCPA].

13  *See* Complaint, ¶ 20(a)-(f) (emphasis added).

14  As a preliminary matter, even if Bonnier engaged in any such purported conduct in an

15  attempt to collect on its own debt (which Bonnier disputes as a factual matter), such conduct

16  would not afford plaintiff a cause of action against Bonnier under the FDCPA. *See Huntington*

17  *Bank*, 346 F.3d 693; *Azar*, 874 F. Supp. 1314; *Scott*, 326 F. Supp. 2d 709; *Kempf*, 676 F.Supp.

18  937, 938 (E.D. Mo. 1988). Like the hospital in *Bleich*, 239 F. Supp. 2d at 263, Bonnier cannot

19  be held liable under the FDCPA as a matter of law for its conduct in collecting on its own debts.

20  *See id.*

21  Further, like the bank in *Doherty,* 375 F. Supp. 2d 158, Bonnier cannot be held

22  vicariously liable under the FDCPA for its debt collector's conduct in collecting the debt. *See id*;

23  *see also Waddington*, 76 F.3d 103. Because the purpose of the FDCPA is to "eliminate abusive

24  debt collection practices by **debt collectors**," Bonnier, a creditor and not a debt collector, cannot

25  be held vicariously liable for its debt collector's alleged actions. *See Doherty,* 375 F. Supp. 2d at

26  162 (emphasis added in original) (citing 15 U.S.C. 1692(e)).

27  Accordingly, because Bonnier cannot be held liable under the FDCPA for NCAC's

28  conduct or its own, if taken in the collection of its own debt, the First Cause of Action must be

6

dismissed against Bonnier. As plaintiff's admissions that NCAC was a debt collector for Bonnier and that the debt defendants allegedly attempted to collect upon was owed to Bonnier, plaintiff cannot allege facts to bring Bonnier within the FDCPA and the First Cause of Action should be dismissed without leave to amend.

**C.    Plaintiff's Second Cause Of Action Fails To State A Claim Because Plaintiff's Factual Allegations Contradict His Conclusory Statement That Bonnier Is A "Debt Collector" Under The Rosenthal Fair Debt Collection Practices Act.**

Plaintiff's Second Cause of Action asserts a claim against Bonnier for violation of the Rosenthal Fair Debt Collection Practices Act (Calif. Civil Code § 1788, et seq.) (the "Rosenthal Act"). Under the Rosenthal Act, "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civil Code § 1788.2. The allegations in the Complaint do not support plaintiff's assertion that Bonnier is a "debt collector."

In an effort to meet the pleading requirements of his Second Cause of Action, plaintiff makes the conclusory allegation that "defendants are debt collectors regularly engaged in the practice of collecting consumer debts on behalf of themselves or others." Complaint ¶ 24. The actual facts alleged by plaintiff, however, do not allege that Bonnier is regularly engaged in debt collection on its own behalf and establish that in the present case, Bonnier did not engage in debt collection, but rather, assigned the debt to NCAC for NCAC to collect. Complaint, ¶ 8 (Plaintiff "received a letter from NCAC (hereinafter the 'Notice') which alleged that NCAC was a collection agency attempting to collect a bonafide debt from Plaintiff on behalf of publisher BONNIER"); ¶ 10 (the notice "stated that the publisher had 'turned the account over' to NCAC for collection.").

Under federal pleading standards, plaintiffs are required to do more than set forth "bare assertions of legal conclusions." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Further, "[a]lthough the Court must assume that the allegations in a plaintiff's complaint are true when considering defendants' motion to dismiss [citation], the Court does not 'need to accept as true conclusory allegations . . . or unreasonable inferences.'" *Transphase Sys. v.*

1  *Southern Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993), quoting Schwarzer, Tashima,

2  and Wagstaffe, Federal Civil Procedure Before Trial, § 9:221 at page 9-41. *See also, Marketing*

3  *Information Masters Inc.*, 552 F. Supp. 2d at 1091-1092.

4      Here, plaintiff attempts to hook Bonnier into its Rosenthal Act claim through the barest of

5  possible conclusory allegations -- and undermines that conclusory allegation with specific factual

6  allegations regarding Bonnier's "involvement" in the collection activities alleged.  Under these

7  circumstances, Bonnier's Motion to Dismiss the Second Cause of Action as to Bonnier should be

8  granted.  Further, unless plaintiff can establish that it can properly plead actual facts that, if

9  believed, would establish that Bonnier is a "debt collector," rather than merely a creditor, under

10  the definition set forth in Civil Code § 1788.2, the motion with respect to the Second Cause of

11  Action against Bonnier should be dismissed without leave to amend.

12  **D.    The Third And Fourth Causes Of Action Fail Because Plaintiff Fails To Allege**

13  **Justifiable Reliance Or Resulting Pecuniary Damage.**

14      Plaintiff's Third (Fraud) and Fourth (Conspiracy to Commit Fraud) Causes of Action are

15  based upon deceit.  "'The elements of fraud, which give rise to the tort action for deceit, are (a)

16  misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity

17  (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)

18  resulting damage.'" *Lazar v. Superior Court*, 12 Cal. 4th 631, 637 (1996), *quoting* 5 Witkin,

19  Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778.  Plaintiff must plead each of the

20  elements of fraud for both his fraud and conspiracy to commit fraud causes of action to survive

21  (Third and Fourth Causes of Action).[3]  Plaintiff fails, however, to allege justifiable reliance upon

22  the alleged misrepresentations and resulting damage.  Plaintiff's Third and Fourth Causes of

23  Action thus fail, and should be dismissed.  Further, because plaintiff's admissions bar him from

24  alleging justifiable reliance or pecuniary damages, the Third and Fourth Causes of Action should

25  be dismissed without leave to amend.

26  ――――――――――――

27  [3]    "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia*, 7 Cal.

28  4th 503, 510-511 (1994).

8

1      *1.      Plaintiff Did Not Justifiably Rely On The Alleged Misrepresentations.*

2           "Justifiable reliance is an essential element of any cause of action for fraud and

3    conspiracy to commit fraud." *Chi. Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1151

4    (1985). In order to establish this element, the plaintiff must have "changed her position in

5    justified reliance on the fraudulent misrepresentation resulting in damage." *Kruse v. Bank of*

6    *Am.*, 202 Cal. App. 3d 38, 62-63 (1988). Further, the plaintiff must actually have believed the

7    misrepresentation to have been true.

8           [i]n the case of fraudulent misrepresentation, actual reliance occurs only when
9           the ***plaintiff reposes confidence in the truth of the relevant representation,***
            ***and acts upon this confidence***. Section 546 of the Restatement Second of
10          Torts, which addresses "causation in fact," states: "The maker of a fraudulent
            misrepresentation is subject to liability for pecuniary loss suffered by one who
11          justifiably relies upon the truth of the matter misrepresented, if his reliance is a
12          substantial factor in determining the course of conduct that results in his loss."

13          This principle is clarified in section 548 of the Restatement Second of Torts:
14          "The maker of a fraudulent misrepresentation is not liable to one who does not
            rely upon its truth but upon the expectation that the maker will be held liable
15          in damages for its falsity." Comment a to this section elaborates: "In order to
            justify recovery, the ***recipient of a misrepresentation must rely upon the***
16          ***truth of the misrepresentation*** itself, and his reliance upon its truth must be a
17          substantial factor in inducing him to act or to refrain from action. (See § 546.)
            It is not enough that, without belief in its truth, he proceeds to enter into the
18          transaction in the expectation that he will be compensated in an action for
            damages for its falsity." (Rest.2d Torts, § 548, com. a, p. 106.) Our Supreme
19          Court has impliedly embraced this principle in endorsing section 546 of the
            Restatement Second of Torts. (See Engalla v. Permanente Medical Group, Inc.
20          (1997) 15 Cal.4th 951, 976 [64 Cal. Rptr. 2d 843, 938 P.2d 903].)

21   *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 808 (2007) (emphasis
22   added).

23          Here, plaintiff alleges that defendants made false representations that (a) plaintiff had
24   placed an order for a magazine, (b) plaintiff received magazines under a subscription with
25   Bonnier, (c) as a result of plaintiff disregarding invoices, he was indebted to Bonnier, (d) plaintiff
26   owed a valid debt to Bonnier that had been assigned to NCAC, and (e) as a debtor, plaintiff had
27   rights under the Fair Debt Collection Practices Act. Complaint, ¶¶ 29, 30.

28

CASE NO. 08 CV 1436 JAH LSP:  BONNIER CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Plaintiff cannot claim that he justifiably relied upon any of these representations, however, because he admits that he never believed the alleged misrepresentations to be true. *Buckland*, 155 Cal. App. 4th at 808 ("In order to justify recovery, the recipient of a misrepresentation must rely upon the truth of the misrepresentation itself"). Instead, plaintiff admits, that he "had rejected all the repeated subscription renewal offers" Bonnier had sent him [Complaint, ¶ 7], that his own records established that he "did not in fact owe any debt to Bonnier or NCAC," and that he "called the phone number of NCAC listed on the debt collection Notice" and disputed the debt. Complaint, ¶¶ 12 and 13.

Having made these admissions, plaintiff cannot now amend the Complaint to allege justifiable reliance and thus, not only should plaintiff's fraud-related claims be dismissed, but he should not be granted leave to amend. *Gold v. Los Angeles Democratic League*, 49 Cal. App. 3d 365, 374-375 (1975) (plaintiff, a candidate for city controller endorsed by the Los Angeles County Democratic Central Committee, received a pamphlet containing the purported misrepresentation that the Democratic Party endorsed a different candidate, "obviously could not have relied upon, or been misled by, defendants' alleged misrepresentation that another candidate for that office was endorsed by the Democratic Party.").

## 2. *Plaintiff Did Not Suffer Any Pecuniary Damages And Therefore Cannot State Claims Based Upon Deceit.*

To be actionable, fraud must result in damages. *South Tahoe Gas Co. v. Hofmann Land Improv. Co.*, 25 Cal. App. 3d 750, 765 (1972). Here, plaintiff admits that instead of paying the amount of the alleged debt, he called the phone number provided by NCAC and was informed that his account had been rectified. Complaint, ¶ 13. While plaintiff claims to have suffered emotional distress as a result of the alleged actions of defendants, he does not, and cannot, allege any pecuniary damages arising from the alleged misrepresentations. Such an omission is fatal to plaintiff's fraud-related claims.

"To state a cause of action at law based upon fraud (as distinguished from a cause of action in equity for rescission on the ground of fraud), the plaintiff must allege not only reliance but that, by reason of the fraud, he has suffered pecuniary damage in some amount." *Gold v. Los*

1    *Angeles Democratic League*, 49 Cal. App. 3d 365, 374 (1975), *citing Munson v. Fishburn*, 183

2    Cal. 206, 219-220 (1920); *see also R. D. Reeder Lathing Co. v. Cypress Ins. Co.*, 3 Cal. App. 3d

3    995, 999 (1970) ( "A plaintiff may recover for fraud when he shows that by reason of a

4    defendant's misrepresentations he has sustained some pecuniary damage or injury by reason of

5    having been put in a position worse than he would have occupied had there been no fraud.").

6    Plaintiff makes no such claim here.

7          Instead, plaintiff claims solely that he suffered "special and general damages" resulting

8    from his feelings of "unease, anxiety, apprehension, disquiet and concern over the contents of the

9    Notice which is the subject of this lawsuit." Complaint, ¶¶ 32-33. Fraud cannot rest solely on

10   emotional distress damages. *De La Cerra Frances v. De Anda*, 224 Fed. Appx. 637, 638 (2007),

11   *citing Schroeder v. Auto Driveaway Co.*, 11 Cal. 3d 908 (1974) (holding that emotional distress

12   damages can be recovered on a fraud claim as an aggravation of property damage, but not

13   standing alone)."

14         Because plaintiff's own allegations establish that he suffered no pecuniary damage as a

15   result of the alleged misrepresentations, Bonnier's motion to dismiss with respect to the Third

16   and Fourth Causes of Action should be granted without leave to amend.

17   **E.**     **The Sixth Cause Of Action Fails Because Plaintiff Lacks Standing To Sue Under**

18           **Section 17200.**

19         The Sixth Cause of Action alleges that defendants violated Section 17200 by

20   "engag[ing] in unlawful, unfair and fraudulent business practices" in connection with the

21   collection of a debt plaintiff claims Bonnier and NCAC wrongfully asserted plaintiff owed.

22   Complaint ¶ 55-56. Plaintiff lacks standing to pursue this claim. Further, plaintiff cannot

23   amend the complaint to meet the standing requirements because plaintiff admits in the

24   Complaint that he did not pay the debt allegedly owed and he received notice from NCAC via

25   "an automated directory system" "message" that "his account had been rectified, no amount

26   was owing, and NCAC does not in fact report to credit agencies." Complaint at ¶ 13.

27         "[O]nly those private persons 'who have suffered injury in fact **and** [have] lost money

28   or property' (§§17204, 17535) may sue to enforce the unfair competition and false advertising

11

1    laws.  **Uninjured persons may not sue** (§§17204, 17535) . . ."  *Branick v. Downey Savings*

2    *and Loan Association*, 39 Cal. 4th 235, 240 (2006) (Emphasis added).

3        In order to determine whether a person has standing to sue under Section 17200, the

4    courts employ "a two-prong test: A private person now has standing to assert a UCL claim only if

5    he or she (1) "has suffered injury in fact," and (2) "has lost money or property as a result of the

6    unfair competition.""  *Hall v. Time Inc.*, 154 Cal. App. 4th 847, 852 (2008).

7        In order to meet the first prong of the test for standing, plaintiff must prove that he

8    suffered "injury in fact."  *Id.*

9        "[A] plaintiff suffers an injury in fact for purposes of standing under the UCL when he

10    or she has: (1) expended money due to the defendant's acts of unfair competition . . . (2) lost

11    money or property . . .; or (3) been denied money to which he or she has a cognizable claim."

12    *Hall*, 154 Cal. App. 4th at 854-855.  Nowhere in the Complaint does plaintiff state that he paid

13    the debt Bonnier and NCAC are alleged to have represented he owed or otherwise expended or

14    lost money or property as a result of defendants' alleged wrongful acts.  *See* Complaint.

15    Plaintiff's failure to make such allegations causes him to fail the first prong of the Section

16    17200 standing test.

17        This same failure also prevents plaintiff from satisfying the second prong of the

18    standing test, which requires plaintiff to show that he "lost money or property" "as a result of

19    the unfair competition."  *Hall*, 154 Cal. App. 4th at 852.

20        Because plaintiff cannot show that he "suffered injury in fact" **and** "lost money or

21    property" as a result of the alleged violation of Section 17200, plaintiff lacks standing to sue

22    under Section 17200 and his Sixth Cause of Action Fails.  The Sixth Cause of Action should be

23    dismissed without leave to amend, because plaintiff cannot amend the complaint to allege

24    standing because he admits that NCAC terminated its collections efforts against him and

25    informed him that "his account had been rectified, no amount was owing, and NCAC does not

26    in fact report to credit agencies" before any alleged debt was paid by plaintiff.  Complaint, ¶

27    13.

28

**F.      The Seventh Cause Of Action For Intentional Infliction Of Emotional Distress Fails Because Plaintiff Cannot Allege Outrageous Conduct.**

The primary element of a claim for intentional infliction of emotional distress is extreme and outrageous conduct by the defendant with the intention of (or reckless disregard for the probability of) causing emotional distress. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 533-534 (2007). Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court. . . ." *Id.*, at 533-534. *Accord, Christensen v. Sup. Court*, 54 Cal. 3d 868, 903 (1991). Plaintiff's allegations regarding Defendants alleged actions do not rise to the level of conduct required to meet this primary element of plaintiff's Seventh Cause of Action. Accordingly, the Seventh Cause of Action for Intentional Infliction of Emotional Distress should be dismissed without leave to amend.

The first element of a claim for intentional infliction of emotional distress requires conduct to "be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* "Generally, conduct will be found to be actionable where the 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'" *Id.*, at 533-534. *Accord, Christensen*, 54 Cal. 3d at 903.

"An assertion of legal rights in pursuit of one's own economic interests does not qualify as "outrageous" under this standard." *Yu v. Signet Bank*, 69 Cal. App. 4th 1377, 1397-1398 (1999). More particularly, "the attempted collection of a debt, by its very nature, often causes the debtor to suffer emotional distress. Frequently, the creditor intentionally seeks to create concern and worry in the mind of the debtor in order to induce payment. However, in a society greatly dependent upon the extension of credit, it is important that a creditor be allowed a certain degree of freedom in demanding payment." *Bundren v. Superior Court*, 145 Cal. App. 3d 784, 789 (1983). "The applicable test is whether or not the creditor goes beyond 'all reasonable bounds of decency' in attempting to collect the debt. (Rest. 2d Torts, § 46.) Under the view set forth in the Restatement, **a collector who happens to demand payment in a rude and insolent manner is not liable unless other factors are present.** (Id., § 46, com. e, illus. 8, p. 75.)" *Bundren v. Superior Court*, 145 Cal. App. 3d 784, 789-790 (Cal. App. 2d Dist. 1983) (emphasis added)

13

1  (citing examples of debt collection found to be outrageous, including the creditor who made

2  telephone contacts to the debtor and her parents demanding payment and threatening

3  repossession while it had knowledge that the debtor was suffering from multiple sclerosis).

4      Here, plaintiff alleges that NCAC sent a single collection letter that, unremarkably,

5  "**implied** that plaintiff's credit score would be negatively affected if plaintiff failed to remit funds

6  to Defendants." Complaint, ¶ 64 (emphasis added). Plaintiff also alleges, however, that the

7  letter informed plaintiff that he had 30 days to dispute the debt before it would be considered

8  valid [Complaint, ¶ 10] and that when plaintiff did, in fact, dispute the debt by calling the phone

9  number provided, he was informed that his "account had been rectified, no amount was owing,

10  and NCAC does not in fact report to credit agencies." Complaint, ¶ 13. In other words, if the

11  allegations of the complaint are believed, as they must be for the purposes of this motion,

12  Defendants attempted to collect a debt via a single letter mailed to plaintiff, which informed him

13  that Defendants were attempting to collect a debt, "implied," but did not state, that plaintiff's

14  credit rating could be affected if he did not pay the debt, and allowed him an avenue by which he

15  could dispute the debt. Complaint ¶¶8-10, and 64. The only other action defendants are alleged

16  to have taken in connection with the alleged debt collection, is informing plaintiff via "an

17  automated directory system" that by virtue of his dispute of the debt, "his account had been

18  rectified and no amount was owing." Complaint ¶ 13.

19      Defendants' attempt to collect the debt, as alleged in the Complaint, falls well within the

20  "credit privilege" set forth above and the act of mailing a single collection letter and accepting

21  plaintiffs' dispute of the debt cannot, as a matter of law, be considered "extreme and outrageous

22  conduct" sufficient to vitiate that privilege. *Yu*, 69 Cal. App. 4th at 1397-1398; *Bundren*, 145

23  Cal. App. 3d at 789. Accordingly, the Seventh Cause of Action should be dismissed, without

24  leave to amend.

25  **G.**    **Plaintiff's Complaint Should Be Dismissed In Its Entirety As It Fails To Meet The**

26         **Pleading Requirements Of Federal Rule Of Civil Procedure 8.**

27      Plaintiff's Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil

28  Procedure 8 because plaintiff's "shotgun" style pleading fails to set forth a short and plain

1  statement of facts that identify the plaintiff's grounds for relief and fails to provide Bonnier with

2  proper notice of the claims against it.

3      In the Complaint, plaintiff realleges each paragraph and claim for relief in each of his

4  successive claims for relief, creating a tangled pleading morass to which Bonnier cannot properly

5  respond. *See e.g.* Complaint, Seventh Cause of Action, ¶ 62 ("Plaintiff realleges and

6  incorporates by reference each and every allegation contained above as though fully set forth

7  herein at length").

8      Moreover, plaintiff fails to allege with specificity the particular actionable conduct taken

9  by each respective defendant. Instead, plaintiff repeatedly improperly lumps both defendants

10  together in his allegations. *See e.g.* Complaint, ¶ 20 ("**Defendants** violated the [FDCPA] in

11  several ways, including, by way of example…") (emphasis added).

12      Plaintiff's "shotgun" pleading practice is improper and requires that the Complaint be

13  dismissed in its entirety under Federal Rule of Civil Procedure 8. *See Complaint; see also*

14  *Savage v. Council on American-Islamic Relations, Inc.*, 2008 WL 2951281 (N.D.Cal.2008. July

15  25, 2008) (dismissing complaint after finding that plaintiff realleged each preceding allegation in

16  successive claims for relief and thus failed to meet the Rule 8 requirement of setting forth a short

17  and plain statement of the grounds for relief and failed to provide defendants with notice of the

18  claims against them) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir.1991) (noting

19  that shotgun pleadings not only make it impossible for opposing party to properly respond to the

20  complaint, but also harm the court by impeding its ability to administer justice); *see also Byrne v.*

21  *Nezhat*, 261 F.3d 1075, 1151 (11th Cir. 2001) (a "shotgun" pleading wastes "scarce judicial and

22  parajudicial resources, impedes the administration of justice and, in a very real sense, amounts to

23  obstruction of justice").

24

25

26

27

28

### III.    CONCLUSION

For the foregoing reasons, Bonnier Corporation respectfully requests that this Court grant its motion and dismiss, the First and Second Causes of Action as to Bonnier Corporation and the Third, Fourth, Sixth and Seventh Causes of Action in full, without leave to amend. Bonnier further respectfully requests that Plaintiff's Complaint be dismissed in its entirety for failing to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.


DATED: August 12, 2008                    KOHUT & KOHUT LLP



                                          By: s/ Megan L. Wagner
                                              Megan L. Wagner, Esq.
                                              California Bar No. 130752
                                              Sarah K. Kohut, Esq.
                                              California Bar No. 197655
                                              KOHUT & KOHUT, LLP
                                              600 Anton Blvd., Suite 1075
                                              Costa Mesa, California 92626
                                              Telephone: (714) 384-4130
                                              Facsimile:  (714) 384-4131
                                              Email:    megan@kohutlaw.com
                                                        sarah@kohutlaw.com

                                              Christopher Paolini, Esq.
                                              Florida Bar Number 669199
                                              (admission *pro hac vice* pending)
                                              CARLTON FIELDS, P.A.
                                              CNL Center at City Commons
                                              450 S. Orange Avenue, Suite 500
                                              Orlando, Florida  32801-3336
                                              Telephone: (407) 849-0300
                                              Facsimile:  (407) 648-9099
                                              Email:    cpaolini@carltonfields.com

                                              *Attorneys for Defendant Bonnier Corporation*

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 12th day of August, 2008 the undersigned caused the foregoing **BONNIER CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST, SECOND, FOURTH, SIXTH, AND SEVENTH CAUSES OF ACTION WITHOUT LEAVE TO AMEND, AND THE ENTIRE COMPLAINT** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Plaintiff and Defendant.

**Attorney for Plaintiff David G. Richards**
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Facsimile No.: (619) 696-5151

**Attorney for Defendant National Credit Audit Corporation**
James W. Poindexter, Esq. SBN 95966
Poindexter & Doutre, Inc.
214 Grant Ave., Suite 400
San Francisco, CA 94108
Facsimile No.: (415) 398-5808

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at Costa Mesa, California.

s/ Megan L. Wagner
Megan L. Wagner