1  James W. Poindexter (SBN 95966)
   Poindexter & Doutre, Inc.
2  214 Grant Ave., Suite 400
   San Francisco, CA 94108
3  Telephone: (415) 398-5811
   Facsimile: (415) 298-5808
4
   Attorneys For Defendant
5  NATIONAL CREDIT AUDIT CORPORATION

6
                    UNITED STATES DISTRICT COURT
7
                   SOUTHERN DISTRICT OF CALIFORNIA
8

| DAVID G. RICHARDS, | ) | Case No. 08 CV 1436 JAH LSP |
| --- | --- | --- |
| Plaintiff, | ) ) ) | Hon. John A. Houston<br>Courtroom 11 |
| v. | ) ) | |
| NATIONAL CREDIT AUDIT CORPORATION,<br>an Illinois Corporation; BONNIER<br>CORPORATION, a Florida Corporation; and<br>DOES 1 through 50, inclusive,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | **NOTICE OF MOTION AND MOTION BY NATIONAL CREDIT AUDIT CORPORATION TO DISMISS THE COMPLAINT IN ITS ENTIRETY AND THE THIRD THROUGH SEVENTH CAUSES OF ACTION, WITHOUT LEAVE TO AMEND**<br><br>Date: September 22, 2008<br>Time: 2:30 p.m.<br>Courtroom: 11 |

1

TO PLAINTIFF DAVID G. RICHARDS AND HIS ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on September 22, 2008 at 2:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 11 of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California 92101, the Honorable John A. Houston presiding, Defendant National Credit Audit Corporation ("NCAC") will and does hereby move this Court for an Order Dismissing plaintiff's Third through Seventh Causes of Action in full, without leave to amend, and the entire complaint for failure to meet the pleading requirements mandated by Federal Rule of Civil Procedure 8.

This Motion will be made on the grounds that (1) the Third Cause of Action for "Fraud," the Fourth Cause of Action for "Conspiracy to Commit Fraud," and the Fifth Cause of Action for "Negligent Misrepresentation," each fails to state a claim because plaintiff did not and cannot allege justifiable reliance or pecuniary damages; (2) plaintiff lacks standing to sue under the Sixth Cause of Action for "Unfair Competition (§17200)"; (3) the Seventh Cause of Action for "Intentional Infliction of Emotional Distress" fails to state a claim because it fails to allege extreme and outrageous conduct; and (4) the entire complaint should be dismissed because plaintiff's "shotgun" style pleading fails to set forth a short and plain statement of facts that identify the plaintiff's grounds for relief and fails to provide NCAC with proper notice of the claims against it.

This Motion shall be based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, NCAC's Joinder in Bonnier Corporation's concurrently filed Notice of Motion and Motion to Dismiss, Bonnier Corporation's Memorandum of Points and Authorities in Support of its Motion to Dismiss, the pleadings and records on file herein and upon such other matters as may be presented to the Court at the time of the hearing.

1 | Dated: August 12, 2008              POINDEXTER & DOUTRE, INC.


By: s/ James W. Poindexter
James W. Poindexter, Esq.
Attorneys for Defendant
National Credit Audit Corporation
Email: jpoindexter@pdlawyers.com

3

Case No. 08 CV 1436 JAH LSP:  NCAC's Notice of Motion and Motion to Dismiss

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 12th day of August, 2008 the undersigned caused the foregoing **NOTICE OF MOTION AND MOTION BY NATIONAL CREDIT AUDIT CORPORATION TO DISMISS THE COMPLAINT IN ITS ENTIRETY AND THE THIRD THROUGH SEVENTH CAUSES OF ACTION, WITHOUT LEAVE TO AMEND** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Plaintiff and Defendant.

**Attorney for Plaintiff David G. Richards**
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Facsimile No.: (619) 696-5151

**Attorneys for Defendant Bonnier Corporation**
Megan L. Wagner, Esq. SBN 130752
Sarah K. Kohut, Esq. SBN 197655
Kohut & Kohut, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626

Christopher Paolini, Esq.
Florida Bar Number 669199
(admission *pro hac vice* pending)
CARLTON FIELDS, P.A.
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801-3336
Facsimile: (407) 648-9099

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at Costa Mesa, California.

/s/ James W. Poindexter
James W. Poindexter
Email: jpoindexter@pdlawyers.com

1  James W. Poindexter (SBN 95966)
   Poindexter & Doutre, Inc.
2  214 Grant Ave., Suite 400
   San Francisco, CA 94108
3  Telephone: (415) 398-5811
   Facsimile:  (415) 298-5808
4
   Attorneys For Defendant
5  NATIONAL CREDIT AUDIT CORPORATION

6

                  UNITED STATES DISTRICT COURT
7
                  SOUTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| DAVID G. RICHARDS, | Case No. 08 CV 1436 JAH LSP |
| Plaintiff, | Hon. John A. Houston |
| | Courtroom 11 |
| v. | |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY NATIONAL CREDIT AUDIT CORPORATION TO DISMISS THE COMPLAINT IN ITS ENTIRETY AND THE THIRD THROUGH SEVENTH CAUSES OF ACTION, WITHOUT LEAVE TO AMEND** |
| NATIONAL CREDIT AUDIT CORPORATION, an Illinois Corporation; BONNIER CORPORATION, a Florida Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | [Notice of Motion and Motion, Joinder in Bonnier Corporation's Motion to Dismiss, and Proposed Order filed Concurrently] |
| | Date: September 22, 2008 |
| | Time: 2:30 p.m. |
| | Courtroom: 11 |

1

Case No. 08 CV 1436 JAH LSP: Memorandum Of Points And Authorities In Support Of
NCAC's Motion To Dismiss

## I. INTRODUCTION AND ISSUES TO BE DECIDED

Defendant National Credit Audit Corporation ("NCAC") respectfully requests this Court to dismiss, without leave to amend, the Third, Fourth, Fifth, Sixth and Seventh Causes of Action asserted by plaintiff David G. Richards ("plaintiff"), under Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted." NCAC also requests that this Court dismiss the entire complaint for failure to meet the pleading requirements mandated by Federal Rule of Civil Procedure 8.

As set forth in the concurrently filed Notice of NCAC's Joinder in Motion to Dismiss by Bonnier Corporation, NCAC joins in the motion to dismiss and arguments made by Bonnier Corporation ("Bonnier") with respect to the Third and Fourth Causes of Action (brought against Bonnier and NCAC) for "Fraud" and "Conspiracy to Commit Fraud," and, based upon the legal authorities and arguments made by Bonnier, requests that these claims each be dismissed, without leave to amend, because plaintiff did not and cannot allege justifiable reliance or damages, both of which are requisite elements of each of these causes of action.

NCAC also joins in the motion to dismiss and arguments made by Bonnier with respect to the Sixth Cause of Action for "Unfair Competition (§17200)" and requests that such cause of action be dismissed, without leave to amend, on the basis that plaintiff lacks standing to sue under California Business & Professions Code Section 17200, *et seq.* ("Section 17200") because plaintiff has not "lost money or property as a result of" the complained of conduct.

NCAC also joins in the motion to dismiss and arguments made by Bonnier with respect to the Seventh Cause of Action for "Intentional Infliction of Emotional Distress" and requests that the Seventh Cause of Action be dismissed without leave to amend, on the grounds that it fails to state a claim because it fails to allege outrageous conduct.

NCAC also joins in the motion to dismiss and arguments made by Bonnier with respect to the entire Complaint and requests that the Complaint be dismissed in its entirety, for failing to meet the pleading requirements of Federal Rule of Civil Procedure 8.

1

In addition to joining Bonnier's Motion, NCAC also moves to dismiss plaintiff's Fifth Claim, for "Negligent Misrepresentation" brought against NCAC, without leave to amend, on the grounds that plaintiff did not and cannot allege justifiable reliance or pecuniary damages, both of which are requisite elements of the Fifth Cause of Action as well.

Accordingly, NCAC respectfully requests that this Court dismiss the Third, Fourth, Fifth, Sixth and Seventh Causes of Action, in full, without leave to amend and the entire complaint for failing to meet the pleading requirements of Federal Rule of Civil Procedure 8.

## II. SUMMARY OF ALLEGED FACTS

Plaintiff alleges that he received a gift subscription to Popular Science in 2005 and, when the subscription expired, did not renew and "rejected all of the repeated subscription renewal offers" made by the publisher, defendant Bonnier Corporation ("Bonnier"). Complaint, ¶ 7. Plaintiff further alleges that he received a single collection letter from defendant National Credit Audit Corporation ("NCAC") [Complaint, ¶ 8] that stated that NCAC was a collection agency attempting to collect a bonafide debt from plaintiff on behalf of Bonnier [*id.*], that plaintiff had ordered "Popular Science," received various issues and "had not paid for those magazines having been sent several invoices from the publisher" [Complaint, ¶ 9], that the publisher had "turned the account over to NCAC for collection," [Complaint, ¶ 10] and that "the letter was an attempt to collect a debt and that he had thirty days to dispute the debt before it would be considered valid" [*Id.*]. Plaintiff further admits that he called the phone number provided by NCAC, selected an option indicating he had never subscribed to the magazine at issue and was then informed "that his account had been rectified, no amount was owing, and NCAC does not in fact report to credit agencies." Complaint, ¶ 13.

## III. ARGUMENT

### A. THE LEGAL STANDARD.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729. 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the

2

pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007). Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-1965 (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In this regard, "[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004).

> Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *See Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.
>
> In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

*Marketing Information Masters Inc. v. The Board of Trustees of the California State University System*, 552 F. Supp. 2d 1088, 1091-1092 (S.D. Cal. 2008). *See also Rasidescu v. Midland Credit Management Inc.*, 435 F. Supp. 2d 1090, 1094 (S.D. Cal. 2006).

Moreover, in cases like the one brought by Plaintiff, where fraud is alleged, Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-05 (9th Cir. 2003) (claims

3

1 | sounding "in fraud," must satisfy Rule 9(b) such that "the particulars of when, where, or how the
2 | alleged conspiracy occurred" must be sufficiently plead).

3 | **B.    LIKE THE THIRD AND FOURTH CAUSES OF ACTION, THE FIFTH CAUSE OF ACTION**
4 | **FAILS BECAUSE PLAINTIFF FAILS TO ALLEGE JUSTIFIABLE RELIANCE OR RESULTING**
5 | **PECUNIARY DAMAGE.**

6 | The elements of a claim for negligent misrepresentation are substantially similar to the
7 | elements of an intentional fraud claim, the difference being intent. "The elements of negligent
8 | misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without
9 | reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the
10 | misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by
11 | the party to whom it was directed, and (5) resulting damage." *Glenn K. Jackson Inc. v. Roe*, 273
12 | F.3d 1192, 1201 (9th Cir. 2001). Therefore, as with plaintiff's Third and Fourth Causes of
13 | Action, the elements of the Fifth Clause of Action require that plaintiff have been ignorant of the
14 | truth, have justifiably relied on the alleged misrepresentations, and have suffered "resulting
15 | damage" from that reliance. As with the Third and Fourth Causes of Action, plaintiff cannot
16 | satisfy these requirements.

17 | **1.    Plaintiff Did Not Justifiably Rely on the Alleged Misrepresentation.**

18 | In order to establish justifiable reliance, the plaintiff must have "changed her position in
19 | justified reliance on the fraudulent misrepresentation resulting in damage." *Kruse v. Bank of*
20 | *Am.*, 202 Cal. App. 3d 38, 62-63 (1988). Further, the plaintiff must actually have believed that
21 | the misrepresentation was true. "In the case of fraudulent misrepresentation, actual reliance
22 | occurs only when the ***plaintiff reposes confidence in the truth of the relevant representation,***
23 | ***and acts upon this confidence***." *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th
24 | 798, 808 (2007) (emphasis added).

25 | Here, plaintiff alleges that defendants made false representations that plaintiff ordered
26 | and subscribed to Popular Science and, as a result, owed a debt to Bonnier that had been assigned
27 | to NCAC to collect. Complaint, ¶¶ 29, 30. Plaintiff further alleges, however, that he "had

28 |

rejected all the repeated subscription renewal offers" Bonnier had sent him [Complaint, ¶ 7] and that plaintiff's own records established that plaintiff "did not in fact owe any debt to Bonnier or NCAC" [Complaint, ¶ 12]. In other words, by plaintiff's own admission, he knew that the factual claims in the collection letter were not true and then verified that they were not true. *Id.* As a result of such knowledge, plaintiff could not have justifiably relied upon the allegedly erroneous statements in the collection letter because he never "reposed confidence in the truth of the relevant representations." *Buckland*, 155 Cal. App. 4th at 808. Accordingly, the Fifth Cause of Action must be dismissed for failure to state a claim.

Further, the Fifth Cause of Action, as well as the fraud claims (Third and Fourth Causes of Action), should be dismissed without leave to amend. "It follows that neither the second nor the third count states a cause of action for fraud, actual or constructive, nor, because plaintiff could not justifiably have relied on the alleged misrepresentation, could such counts be amended to state a cause of action." *Gold v. Los Angeles Democratic League*, 49 Cal. App. 3d 365, 374-375 (1975). Here, plaintiff alleges that he knew he had not subscribed to Popular Science. Consequently, plaintiff could not have relied upon, or been mislead by, representations based upon him having subscribed. Plaintiff cannot amend the pleadings to contradict his admission and thus, cannot amend to show belief in the misrepresentations. Accordingly, the Fifth Cause of Action for Negligent Misrepresentation should be dismissed without leave to amend.

### 2. Plaintiff Did Not Suffer Any Pecuniary Damages and Therefore Cannot State Claims Based upon Deceit.

To be actionable, fraud must result in damages. *South Tahoe Gas Co. v. Hofmann Land Improv. Co.*, 25 Cal. App. 3d 750, 765 (1972). Here, however, plaintiff admits that he called the phone number provided by NCAC and was informed that his account had been rectified. Complaint, ¶ 13. As pecuniary damages are a requisite element of all fraud claims, including negligent misrepresentation, the Fifth Cause of Action fails due to plaintiff's lack of pecuniary damages.

5

"To state a cause of action at law based upon fraud (as distinguished from a cause of action in equity for rescission on the ground of fraud), the plaintiff must allege not only reliance but that, by reason of the fraud, he has suffered pecuniary damage in some amount." *Gold v. Los Angeles Democratic League*, 49 Cal. App. 3d 365, 374 (1975), *citing Munson v. Fishburn*, 183 Cal. 206, 219-220 (1920); *see also R. D. Reeder Lathing Co. v. Cypress Ins. Co.*, 3 Cal. App. 3d 995, 999 (1970) ( "A plaintiff may recover for fraud when he shows that by reason of a defendant's misrepresentations he has sustained some pecuniary damage or injury by reason of having been put in a position worse than he would have occupied had there been no fraud.").

Fraud cannot rest solely on emotional distress damages. *De La Cerra Frances v. De Anda*, 224 Fed. Appx. 637, 638 (2007), *citing Schroeder v. Auto Driveaway Co.*, 11 Cal. 3d 908 (1974) (holding that emotional distress damages can be recovered on a fraud claim as an aggravation of property damage, but not standing alone)." This is so for negligent misrepresentation claims as well as for intentional fraud. "Here, plaintiff asserts he suffered emotional injury which gave rise to physical harm. But the gist of his claim is for emotional injury. … Moreover, we find California law does not recognize a cause of action for negligent misrepresentation involving a risk of emotional injury. Therefore, plaintiff has not stated a cause of action for negligent misrepresentation under the facts of this case." *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 487 (2003).

Because plaintiff's own allegations establish that he suffered no pecuniary damage as a result of the alleged misrepresentation, NCAC's motion to dismiss with respect to the Fifth Cause of Action should be granted without leave to amend.

### III.   CONCLUSION

For the foregoing reasons and the reasons set forth in Bonnier Corporation's Motion to Dismiss, NCAC respectfully requests that this Court grant its motion and Bonnier Corporation's Motion to Dismiss, and dismiss, without leave to amend, the Third, Fourth, Fifth Sixth, and Seventh Causes of Action. NCAC further respectfully requests that plaintiff's

1  Complaint be dismissed in its entirety for failing to satisfy the pleading requirements of Federal
2  Rule of Civil Procedure 8.

4  Dated: August 12, 2008                    POINDEXTER & DOUTRE, INC.

6                                            By: s/   James W. Poindexter
7                                                James W. Poindexter, Esq.
                                                  Attorneys for Defendant
8                                                 National Credit Audit Corporation

7

Dated: August 12, 2008                    POINDEXTER & DOUTRE, INC.


By: s/  James W. Poindexter
   James W. Poindexter, Esq.
   Attorneys for Defendant
   National Credit Audit Corporation
   Email: jpoindexter@pdlawyers.com

7

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 12th day of August, 2008 the undersigned caused the foregoing **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION BY NATIONAL CREDIT AUDIT CORPORATION TO DISMISS THE COMPLAINT IN ITS ENTIRETY AND THE THIRD THROUGH SEVENTH CAUSES OF ACTION, WITHOUT LEAVE TO AMEND** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Plaintiff and Defendant.

**Attorney for Plaintiff David G. Richards**
David L. Speckman, Esq. SBN 178180
SPECKMAN & ASSOCIATES
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Facsimile No.: (619) 696-5151

**Attorneys for Defendant Bonnier Corporation**
Megan L. Wagner, Esq. SBN 130752
Sarah K. Kohut, Esq. SBN 197655
Kohut & Kohut, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626

Christopher Paolini, Esq.
Florida Bar Number 669199
(admission *pro hac vice* pending)
CARLTON FIELDS, P.A.
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801-3336
Facsimile: (407) 648-9099

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at Costa Mesa, California.

    /s/ James W. Poindexter
James W. Poindexter
Email: jpoindexter@pdlawyers.com